■ BRIGGS LUMBER COMPANY, INC., Respondent, v. NATHAN FRIEDMAN, Appellant.— Appeal (1) from an order of the County Court of Chenango County entered in Chenango County which granted a motion by plaintiff for summary judgment and (2) from the judgment entered thereon. The record reveals that commencing in July, 1968, plaintiff began selling various building materials to Norwich Homes, Inc., for a project known as the Valley View Apart-

ments which Norwich Homes, Inc., was building in the Sidney, New York, area. During the latter part of December, 1968, this particular account reflected a substantial unpaid balance and, accordingly, plaintiff refused to furnish any additional merchandise until some suitable arrangements were made. On December 30, 1968, appellant executed and delivered to the plaintiff on a letterhead of Norwich Homes, Inc., the following guarantee: "This is to certify that I guarantee payment on the account of Norwich Homes, Inc., for the merchandise purchased for use at Sidney, New York, on the Valley View Apartments." Thereafter and until October 15, 1969, plaintiff, allegedly upon the assurance of said guarantee sold additional materials to Norwich Homes, Inc., for the Valley View Apartments project. After an unsuccessful attempt to collect the balance then due from Norwich Homes, Inc., plaintiff commenced this action against the appellant upon the guarantee to recover the sum of $4,754.96, the unpaid balance then due. In the answer interposed by appellant, execution of the guarantee is acknowledged, nonpayment of the sum of $4,754.96 is admitted, and several affirmative defenses are raised, some of which are hereinafter specifically discussed. Plaintiff thereupon made a motion for summary judgment in its favor, which motion was granted and the appeal from that determination is now before us. One of the defenses raised by the appellant is that the guarantee in issue is illegal, invalid and unenforceable because the consideration therefor is inadequate or lacking. We disagree. When, as in the case now before us, a guarantee is intended to secure credit for a principal and upon the faith thereof, the creditor ships goods to the principal from time to time and gives him credit, there is adequate consideration to uphold the guarantee. The rule is well established that "where one party agrees with another party that, if such party for a consideration performs a certain act or [sic] a third person, he will guarantee payment of the consideration by such person, the act specified is impliedly requested by the guarantor to be performed and, when performed, constitutes a consideration for the guaranty" (Sun Oil Co. v. Heller, 248 N. Y. 28, 32–33). A second affirmative defense raised by appellant is that plaintiff has renewed and extended the credit of Norwich Homes, Inc., and renewed and extended the time of Norwich Homes, Inc., to pay the said account subsequent to the execution of the guarantee without the consent or knowledge of the appellant guarantor. In substance, appellant contends that the account of Norwich Homes, Inc., was payable within 60 days after billing, that subsequent to said 60-day period, plaintiff accepted partial and periodic payments on the account and hence this conduct of plaintiff, absent appellant's consent, discharges appellant from any liability on the guarantee. Even assuming that plaintiff's acceptance of partial and periodic payments constituted a valid extension of time, which fact is by no means clearly established, in order to release a guarantor from his obligation, the extension of time must rest upon a valid consideration and must be sufficient to preclude the creditor during the extended time from enforcing the debt against the principal (National Citizens' Bank v. Toplitz, 178 N. Y. 464; Olmstead v. Latimer, 158 N. Y. 313). In the case before us, not only is there no evidence that plaintiff was ever prior to institution of this action in any way precluded from enforcing its claim but also and most important it is clear that payment of part of the amount due does not constitute a valid consideration to support the agreement for an extension of time (Parmelee v. Thompson, 45 N. Y. 58). Another of appellant's major defenses is the contention that plaintiff had filed a mechanic's lien on the Valley View Apartments project but has failed to foreclose that mechanic's lien prior to commencing this action, the implication being that plaintiff was required to do so. Appellant cites no authority in support of this position and apart from a bald assertion that he would be damaged by appellant's failure to foreclose that mechanic's

lien, he presents no evidentiary data to support that assertion. We perceive no requirement that plaintiff must have first instituted an action to foreclose that mechanic's lien prior to instituting this suit. Rather upon the default of the principal obligor, Norwich Homes, Inc., plaintiff was fully and clearly entitled to pursue appellant-guarantor without first exhausting his remedy via foreclosure of the mechanic's lien. Appellant in his answer and also in the papers submitted upon this appeal advances a number of additional considerations, but in none of these do we find a sufficient reason to disturb the determination appealed from. Order and judgment affirmed, with costs. Reynolds, J. P., Aulisi, Staley, Jr., Greenblott and Sweeney, JJ., concur.