■ THOMAS J. DELANEY, Appellant-Respondent, v COUNTY OF WESTCHESTER, Respondent-Appellant. — In an action to recover, *inter alia,* money allegedly due as salary, the parties cross-appeal from an order of the Supreme Court, Westchester County (Daronco, J.), entered May 17, 1982, which denied their respective motions for summary judgment. Order modified, on the law, by deleting the provision thereof which denied the defendant's motion for summary judgment and substituting therefor a provision granting defendant's motion for summary judgment and dismissing the complaint. As so modified, order affirmed, without costs or disbursements. The plaintiff, Thomas Delaney, was formerly the Commissioner/Sheriff of the Westchester County Department of Public Safety Services. On February 23, 1981 Westchester County Executive Alfred Del Bello commenced a disciplinary proceeding against Delaney, charging him with misconduct in office and suspending him from office with pay. In response to these charges, Delaney commenced two legal actions against Del Bello as County Executive and one against the County of Westchester. All three actions were pending during the course of the protracted disciplinary proceedings before a hearing officer, retired New York State Supreme Court Justice Harnett, which continued until November of 1981. In December of 1981 Delaney, represented by counsel, entered into extensive negotiations with the county in connection with the disciplinary proceedings and Supreme Court actions. The parties' attorneys agreed to a comprehensive settlement of all pending matters between the parties. It was agreed that a few days would be necessary to draft the necessary documents and on January 7, 1982, Delaney and Del Bello executed a stipulation of settlement wherein it was stated that: "1. The parties herein have reached a negotiated settlement in the above-captioned matter, the terms and conditions of which, it is agreed, are subject to the approval and ratification of the Westchester County Board of Legislators. 2. The terms and conditions of this negotiated settlement are fully set forth and contained in the proposed Westchester County Board of Legislator's resolution which has been or is about to be transmitted by the County Executive for the County Board's ratification and approval. A copy of this proposed County Board Resolution is annexed hereto, incorporated herein and made part hereof. Upon such ratification and approval by the County Board, together with the passage of legislation necessary to effect the same and the approval thereof by the County Executive, said settlement shall be final and binding." The proposed resolution was forwarded to the county board by a letter of transmittal from Del Bello dated January 8, 1982, in which it was stated that Delaney had requested final compensation of $42,500, while the county was offering a payment of $35,000. The county board was asked to determine an amount to be paid within that range and to insert the same in the resolution. Thereafter, on January 11, 1982, the county board approved the resolution and inserted the figure of $42,500. The resolution provided, in relevant part, as follows: "RESOLVED, that in order to settle and resolve all outstanding matters between the County of Westchester and the said Thomas J. Delaney that: 1. Thomas J. Delaney resign his position as Commissioner/Sheriff of Westchester County effective January 22, 1982. 2. Thomas J. Delaney by January 22, 1982 withdraw the

aforesaid legal actions, with prejudice. 3. The parties by January 22, 1982 execute general releases in the forms annexed hereto, it being the intention of the parties that this settlement resolve all outstanding or existing disputes, claims or controversies between the persons named as Releasors and Releasees therein and that there will be no further action taken of any kind with respect to these disputes, claims or controversies. 4. The County Executive, upon satisfaction by Mr. Delaney of Paragraphs 1, 2 and 3 above withdraw the aforesaid disciplinary charges. 5. Upon satisfaction by the parties of paragraphs 1 through 4 above the County pay to Mr. Delaney, as terminal compensation, the sum of $42,500.00." On January 12, 1982 Delaney submitted his resignation to the county, effective January 22, 1982. On January 23, 1982 a check for $42,500 was issued to Delaney, bearing the caption "Final Payment". The check was negotiated by Delaney on February 1, 1982. Thereafter, Delaney commenced the instant action in which he claimed that he was entitled to further moneys consisting of salary for the period from January 3, 1982 through January 22, 1982, medical insurance, payment for accrued but unused vacation time, and additional pension credits. The county moved for summary judgment dismissing the complaint, alleging that the settlement barred the instant action. Delaney cross-moved for summary judgment, asserting that the documentary evidence established that the stipulation of settlement was not intended to affect his salary and benefits for the period in question. Special Term held that neither side had established its right to summary judgment because the documentary evidence was inconclusive. In so holding, Special Term was in error. *Matter of Schaefer* (18 NY2d 314), cited by Special Term, actually supports the granting of the county's motion for summary judgment. There, the Court of Appeals said (p 317): "Where the language of the release is clear, effect must be given to the intent of the parties as indicated by the language employed (*Single* v. *Whitmore,* 307 N. Y. 575, 583; see, also, *Lucio* v. *Curran,* 2 N Y 2d 157, 161)". In the matter at bar, the resolution, which was incorporated in the release and made a part thereof, contained the following language: "[I]t being the intention of the parties that this settlement *resolve all outstanding or existing disputes, claims or controversies* between the persons named as Releasors and Releases therein and that *there will be no further action taken of any kind with* respect to these disputes, claims or controversies" (emphasis added). Paragraph 5 of the resolution stated that the sum of $42,500 was to be paid by the county as "terminal compensation". The language of the foregoing could not be more clear. This is not a situation where the general words of the release should not be construed to dispose of matters which the parties did not desire or intend (see *Cahill v Regan,* 5 NY2d 292, 299), or where the general words of the release are limited by a recital of a particular claim (see *Topat Equip. Co. v Porter,* 50 AD2d 1098; see, also, 49 NY Jur, Release and Discharge, § 33, p 405). Rather, the release clearly resolved *"all* outstanding or existing disputes, claims or controversies" (emphasis added). Since the entire matter concerned the termination of Delaney's employment and his alleged right to receive compensation, the release was clearly intended to include any and all claims which he had to such compensation or related benefits. Delaney's reliance on this court's decision in *Delaney v Del Bello* (81 AD2d 566) is misplaced. There, we simply stated (p 568) in referring to the County Executive, that his "power necessarily includes the power to suspend [Delaney], with pay, pending the disposition of the charges". This is precisely what was done here. Moreover, upon settlement of the disciplinary proceedings and lawsuits, the $42,500 in "terminal compensation" was paid to Delaney in lieu of his salary and benefits for the duration of the period provided in his contract of employment. Accordingly, the county's

motion for summary judgment should be granted and the complaint dismissed (see *Lucio v Curran,* 2 NY2d 157). Damiani, J. P., Lazer, Thompson and Bracken, JJ., concur.