■ COLUMBUS TRUST COMPANY, Appellant, v MARY CAMPOLO, Respondent.

Based upon a review of the record, we conclude that summary judgment should have been granted in favor of plaintiff. At an examination before trial, defendant admitted that the signature on the written guarantee upon which plaintiff now seeks to recover was her own. In her affidavit submitted in opposition to plaintiff's subsequent motion for summary judgment, however, defendant apparently sought to retract her earlier admission and state that she never executed the purported guarantee. Defendant also claimed that plaintiff failed to adequately explain the full consequences of her execution of the subject guarantee and failed to call her attention to the fact that she could only terminate the guarantee in writing.

It is well established that on a motion for summary judgment, the court must determine whether the factual issues presented are genuine or unsubstantiated. "If the issue claimed to exist is not 'genuine, but feigned, and * * * there is in truth nothing to be tried' summary judgment is properly granted" (*Rubin v Irving Trust Co.,* 305 NY 288, 306, citing *Curry v Mackenzie,* 239 NY 267, 270). In this case, defendant's feigned attempt to avoid the

consequences of her earlier testimonial admission regarding the authenticity of her signature is insufficient to raise a triable issue of fact to defeat a motion for summary judgment. Moreover, defendant's allegations that she was unaware of the legal ramifications of her execution of the guarantee and was not informed of the terms thereof do not constitute a basis upon which to deny recovery to plaintiff. As a general rule, the signer of a written agreement is conclusively bound by its terms unless there is a showing of fraud, duress or some other wrongful act on the part of any party to the contract (*Pimpinello v Swift & Co.,* 253 NY 159, 162-163; *Son Fong Lum v Antonelli,* 102 AD2d 258). Since defendant has not come forth with any evidence to establish fraud or duress or that she was incompetent and thus unable to comprehend the contents of the guarantee (*Pimpinello v Swift & Co., supra,* pp 162-163), she is thereby bound by its terms.

The six affirmative defenses contained in defendant's answer are without merit. First contrary to defendant's position, plaintiff's action is not barred by the Statute of Limitations. While the subject guarantee was executed in August 1973, the first loan made by plaintiff in reliance upon said guarantee was not made until September 1978 and the principal corporation did not default on said loan until on or about December 1981. Accordingly, this action which was commenced in or about October 1982, was not barred by the applicable six-year Statute of Limitations (CPLR 213 [2]; *cf. Gazza v United Cal. Bank Intl.,* 88 AD2d 968).

Second, as stated above, defendant's allegations of fraud and duress are unsubstantiated by any evidentiary facts and are thus insufficient to raise a triable issue of fact necessary to defeat a motion for summary judgment (*Freedman v Chemical Constr. Corp.,* 43 NY2d 260).

Third, defendant's allegation that the guarantee was not executed in the presence of a notary, and is thus void, is without merit since a notary's acknowledgment was not necessary to make the guarantee legally binding on the parties. In any event, the defendant's signature on the guarantee in question was, in fact, acknowledged by a notary.

Fourth, defendant's affirmative defense that there was a total failure of consideration for the guarantee is also of no merit. It is well established that "where one party agrees with another party that, if such party for a consideration performs a certain act [f]or a third person, he will guarantee payment of the consideration by such person, the act specified is impliedly requested by the guarantor to be performed and, when performed, constitutes a consideration for the guarantee" (*Sun Oil*

*Co. v Heller,* 248 NY 28, 32-33; *Briggs Lbr. Co. v Friedman,* 37 AD2d 786; *Halpern v Rosenbloom,* 459 F Supp 1346, 1354). In view thereof, defendant's guarantee of " 'all liabilities of the Borrower [the principal corporation] to the Bank [the plaintiff] * * * whether now existing or hereinafter incurred' ", contemplated the accrual of future indebtedness and when plaintiff eventually extended credit to the principal corporation, defendant received valid consideration for her guarantee (*Halpern v Rosenbloom, supra,* at p 1354).

Fifth, defendant's asserted affirmative defense, alleging that the written guarantee was a contract of adhesion and therefore void, must fall since defendant again has failed to present any evidence to substantiate claims of overreaching by plaintiff's representatives in the execution of the instrument.

Finally, the sixth affirmative defense, alleging that plaintiff is guilty of laches and unreasonable delay, is without merit since the defense of laches does not operate to bar actions at law commenced within the period fixed by the applicable Statute of Limitations (*Appelton v National Park Bank,* 211 App Div 708, 714, *affd* 241 NY 561; *Fuchs & Lang Sun Chem. v Schenectady Chems.,* 43 AD2d 881, 882; *State of New York v Farragut Nursing Home,* 116 Misc 2d 437, 443; 36 NY Jur, Limitations and Laches, § 154, at 141-142).

Accordingly, plaintiff's motion for summary judgment should have been granted. O'Connor, J. P., Brown, Lawrence and Eiber, JJ., concur.