■ In the Matter of the Arbitration between GUS BARONE, Respondent, and M&K REALTY Co., Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Queens County (Leviss, J.), dated November 17, 1987, which denied the application and dismissed the petition.

Ordered that the judgment is affirmed, with costs.

On September 15, 1986, M&K Realty Co. (hereinafter M&K) purchased an apartment building in Queens. One of the documents which M&K executed pursuant to this purchase provided, in relevant part, that M&K "hereby agrees to assume *all* of the obligations of [the seller of the building] with respect to the 1985 Apartment House Agreement" (emphasis

supplied). The 1985 Apartment House Agreement (hereinafter the 1985 agreement) contains an arbitration clause.

In reliance on the arbitration provision, the respondent union president seeks to have M&K arbitrate the issue of whether the employment of two employees of the apartment building, both of whom are members of the union, was properly terminated. The essence of M&K's application to stay arbitration is that it was not bound by the arbitration provision in the 1985 agreement. M&K predicates this claim on the argument that when it assumed the 1985 agreement, it saw only two pages of that agreement. Therefore M&K believed that these two pages constituted the entire 1985 agreement. As neither of these pages contained an arbitration provision, M&K concludes that it is not bound by the arbitration provision in the 1985 agreement.

Initially we observe that although M&K failed to commence the instant proceeding within the 20-day period required by CPLR 7503 (c), it is not precluded from doing so because it claims that it is not a party to the agreement to arbitrate (see, Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264).

M&K's argument that it is not bound by the arbitration provision in the 1985 agreement is specious. M&K expressly assumed that agreement (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395). M&K contends that the entire 1985 agreement was comprised of only two pages, despite the fact that it is obvious from a cursory reading of these two pages presented by M&K that additional portions of the agreement are missing. Therefore, the two pages could not have constituted the entire 1985 agreement. Indeed, the entire 1985 agreement consists of 12 pages. The burden on a party is not met by "bald conclusory assertions which defy reality and are inconsistent with the * * * documentary evidence" (New York State Urban Dev. Corp. v Garvey Brownstone Houses, 98 AD2d 767, 770). It is well settled that "[a]s a general rule, the signer of a written agreement is conclusively bound by its terms unless there is a showing of fraud duress, or some other wrongful act on the part of any party to the contract (Pimpinello v Swift & Co., 253 NY 159, 162-163; Son Fong Lum v Antonelli, 102 AD2d 258)" (Columbus Trust Co. v Campolo, 110 AD2d 616, 617, affd 66 NY2d 701). Since M&K has not come forward with any such evidence, the document which it signed subjects it to the arbitration clause contained in the 1985 agreement (see, Blums, Inc. v Ferro Union Corp., 36 AD2d 584).

We have considered M&K's remaining contentions and find

that they are without merit. Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.