■ PAUL BOUCHER, Appellant, v EASTERN SAVINGS BANK,

Respondent.—In an action to recover damages for breach of a mortgage commitment agreement the plaintiff appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated August 17, 1987, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant bank entered into a mortgage commitment agreement dated September 19, 1986, pursuant to which the bank agreed to lend the plaintiff the sum of $1,100,000, to be secured by a mortgage encumbering certain commercial premises in Hicksville, New York. Paragraph 5 of the commitment letter issued by the bank provided, *inter alia,* that upon execution of the letter, the plaintiff was to tender a nonrefundable, 1% commitment fee in the amount of $11,000. Significantly, a $5,500 "good faith" deposit had been previously refunded by the bank in connection with a prior application for the same mortgage which the parties had been unable to successfully close. Paragraph 33 of the commitment letter further stated, in pertinent part, that the plaintiff was to provide "documentation satisfactory to Eastern Savings Bank as to the *exclusive availability of the parking spaces to the Real Property for the duration of the mortgage"* (emphasis added). The foregoing provision was inserted because portions of parking areas appurtenant to the parcel to be mortgaged were situated on real property leased by the plaintiff. On September 19, 1986, the plaintiff signed the commitment letter and returned it to the bank together with the 1% commitment fee.

Subsequently, the bank—pursuant to paragraph 33 of the commitment letter—requested a copy of the lease pertaining to the real estate on which certain of the parking areas servicing the premises were situated. The bank reviewed the lease, discovered that it was conditionally cancelable, and informed the plaintiff that paragraph 33 of the agreement, which required the "exclusive availability" of 96 parking spaces, had not been satisfied. After attempts by the parties to resolve the problem failed, the bank canceled its mortgage commitment and declined to refund the 1% commitment fee.

Shortly thereafter, the plaintiff commenced the instant action. By notice of motion dated April 23, 1987, the bank moved for summary judgment relying on the plaintiff's failure to satisfy the condition set forth in the commitment letter regarding the availability of parking. In opposition to the motion, the plaintiff argued, *inter alia,* that the bank had engaged in unconscionable conduct by allegedly misleading

him concerning the significance of the lease with respect to the question of parking. The Supreme Court rejected the plaintiff's contentions and granted the bank's motion. We affirm.

The Supreme Court properly rejected the plaintiff's contentions that the bank had engaged in unconscionable conduct since the plaintiff's allegations in this respect are premised on mere conjecture and surmise insufficient to create triable issues of fact in opposition to the bank's motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557).

Nor has the plaintiff established the existence of triable issues of fact with respect to his contention that the bank should be equitably estopped from relying on paragraph 33 in withdrawing its commitment to make the mortgage. Contrary to the plaintiff's assertions, the record contains no evidence suggesting that the bank misled the plaintiff by concealing or misrepresenting facts regarding the significance and effect of the provision involving the exclusive availability of parking spaces. Although the plaintiff contends that the bank was informed, prior to its issuance of the commitment letter, that certain of the parking areas to be utilized by the mortgaged premises were leased, there is nothing in the record which indicates that the bank was notified that the lease was cancelable during the term of the mortgage. Moreover, is is well settled that, "[a]s a general rule, the signer of a written agreement is conclusively bound by its terms unless there is a showing of fraud, duress or some other wrongful act on the part of any party to the contract" *(Columbus Trust Co. v Campolo,* 110 AD2d 616, 617, *affd* 66 NY2d 701). Paragraph 33 of the commitment letter, it is notable, clearly recounts that the making of the mortgage would be contingent upon the plaintiff's submission of documentation establishing the "exclusive availability of the parking spaces to the Real Property *for the duration of the mortgage"* (emphasis added). Despite his knowledge that the lease in question was, in fact, cancelable during the term of the mortgage, the plaintiff—who described himself as possessing 20 years of experience as a real estate broker and manager—nevertheless executed and returned the commitment letter to the bank, thereby acknowledging his assent to its terms. In light of the foregoing, and considering the plaintiff's failure to produce evidence that the bank's actions were improper, the Supreme Court's determination must be affirmed.

We have reviewed the plaintiff's remaining contentions and

find them to be without merit. Mollen, P. J., Eiber, Kooper and Harwood, JJ., concur.