■ ALBANY MEDICAL CENTER HOSPITAL, Appellant, v FLOYD ARMLIN, Respondent.—Levine, J. Appeal from an order of the County Court of Schoharie County (Lamont, J.), entered June 17, 1988, which denied plaintiff's motion for summary judgment.

Plaintiff commenced this lawsuit against defendant to recover $2,526.25 for hospital services rendered in May 1984 when defendant underwent eye surgery. After joinder of issue, plaintiff moved for summary judgment. In support of its motion plaintiff submitted, *inter alia,* a copy of a guarantee of payment which defendant had signed upon his admission to the hospital and an itemized statement of the charges which accrued during defendant's hospitalization. In opposition to the motion, defendant submitted his own affidavit stating that he underwent the eye surgery as a participant in the "Early Treatment Diabetic Retinophoty Study Program" (hereinafter the program) and that the program agreed to bear the cost of all medical treatment not covered by his insurance. County Court denied plaintiff's motion for summary judgment, finding that a factual issue existed "as to whether or not another party or entity agreed to pay for defendant's hospital services". This appeal by plaintiff ensued.

On appeal plaintiff contends that County Court erred in denying its motion for summary judgment since the issue of whether the program had agreed to pay defendant's medical bills was unrelated to plaintiff's right to seek payment from defendant, the primary obligor on the account. In response defendant contends that a factual issue exists concerning whether plaintiff is bound by the representations allegedly made to defendant by the program, i.e., that his medical care was to be rendered free of charge in excess of his insurance coverage, since it is unclear whether the program and the hospital are in fact separate entities.

In our view, plaintiff's motion for summary judgment should have been granted. The guarantee executed by defendant, together with plaintiff's other submissions, were sufficient to prima facie establish that plaintiff was entitled to judgment in its favor. The burden then shifted to defendant to come forward with evidence creating a triable issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Thus, defendant had the onus of adducing proof that the program and the hospital were a single unit such that the hospital would be bound by the program's alleged agreement with defendant. The only evidence relied on by defendant is a notation contained in the hospital's admission records that

Don Nelli, who was apparently from the ophthalmology department, informed an admissions clerk that "there isn't money available but [patient] is not billed for whatever [insurance] does not pay". There is nothing in the record, however, which reveals Nelli's authority, if any, to bind the hospital by this statement. Moreover, later entries in this same record indicate that the program was the party who had agreed to pay defendant's medical expenses. Thus, in our opinion, the record entries relied on by defendant do not support an inference that the program was part of the hospital or that the hospital otherwise agreed to release defendant from the obligation to pay for its services. Thus, defendant failed to adduce evidence sufficient to create a triable issue of fact in this case.

Finally, we reject defendant's alternative contention that the guarantee obtained by plaintiff was unenforceable because, due to his poor eyesight, defendant was unaware of what he was signing when he was admitted to the hospital. Although defendant stated that the document was not read to him, he did not allege that he requested such assistance or that plaintiff engaged in any misrepresentation or other wrongful conduct in procuring his signature. Hence, defendant is still bound by the guarantee even though he may have been unaware of its terms at the time he signed it (see, Columbus Trust Co. v Campolo, 110 AD2d 616, 617, affd 66 NY2d 701; see also, Pimpinello v Swift & Co., 253 NY 159, 162-163).

Order reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiff. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.