■ Nunzio Sofio et al., Respondents, v Thomas W. Hughes et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal (1) from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered August 9, 1988, which, upon a jury verdict, is in favor of the plaintiff Nunzio Sofio and against them in the principal sum of $107,000, and which is in favor of the plaintiff Anna Sofio and against them in the principal sum of $8,000, and (2) from

an order of the same court, dated May 19, 1989, which upon remittitur by this court after reversing an order of the same court dated December 11, 1989, conditionally dismissing the defendants' defense of release *(see, Sofio v Hughes,* 148 AD2d 439), in effect, dismissed the defendants' affirmative defense of release based upon evidence adduced at a nonjury trial on the issue.

Ordered that the judgment and the order are reversed, on the law and the facts, without costs or disbursements, the affirmative defense of release is sustained, and the complaint is dismissed.

By virtue of their execution of a form entitled "RELEASE OF ALL CLAIMS", the plaintiffs Nunzio and Anna Sofio released the defendant McNicholas Transportation Company, and its agents, from any possible liability in connection with an accident which occurred on February 12, 1980. The title of the document "RELEASE OF ALL CLAIMS", was set forth in large bold-faced capital letters, and the admonition "Read Carefully Before Signing" was also set forth in bold-faced letters. The text of the release itself made clear beyond any possible doubt that the scope of the release extended to potential liability for damages for personal injuries, however serious.

Notwithstanding the unambiguous terms of this release, the plaintiffs brought an action against the releasee, McNicholas Transportation Company, and its agent, Thomas Hughes, in which the plaintiff Nunzio Sofio sought compensation for his personal injuries and in which the plaintiff Anna Sofio sought compensation for her loss of consortium. We conclude that this action should have been dismissed because the defendants proved the validity of their affirmative defense based on the release.

A nonjury trial was held with respect to the defendants' affirmative defense of release. The plaintiff Nunzio Sofio testified that he subjectively believed that the release applied only to his claim for property damage. He also testified, however, that he signed the release without having read it. Anna Sofio did not testify.

The rule of law to be applied to these facts is simple and clear: "[A] party will not be excused from his failure to read and understand the contents of a release" *(Johnson v Thruway Speedways,* 63 AD2d 204, 205, citing *Lucio v Curran,* 2 NY2d 157). A party who signs a document without any valid excuse for having failed to read it is "conclusively bound" by its terms *(Gillman v Chase Manhattan Bank,* 73 NY2d 1, 11;

*see also, Columbus Trust Co. v Campolo,* 110 AD2d 616, 617, *affd* 66 NY2d 701; *Albany Med. Center Hosp. v Armlin,* 146 AD2d 866, 867; *Boucher v Eastern Sav. Bank,* 145 AD2d 520, 522; *Matter of Barone [M & K Realty Co.],* 143 AD2d 1008, 1009; *Maross Constr. v Central N. Y. Regional Transp. Auth.,* 107 AD2d 1010, 1012, *revd on other grounds* 66 NY2d 341; *Delaney v County of Westchester,* 90 AD2d 819, 820; *Manufacturers & Traders Trust Co. v Commercial Door & Hardware,* 51 AD2d 362, 366; *Humble Oil & Ref. Co. v Jaybert Esso Serv. Sta.,* 30 AD2d 952; 19 NY Jur 2d, Compromise, Accord, and Release, § 97).

The Supreme Court declared that the release was void on the basis of its findings (1) that Mr. Sofio was unable "to understand English clearly", and (2) that the defendant Mc-Nicholas Transportation Company had misrepresented the nature of the release. The court applied the rule that "[i]f the signer [of a release] is illiterate, or blind, or ignorant of the alien language of the writing, and the contents thereof are misread or misrepresented to him by the other party, or even by a stranger, unless the signer be negligent, the writing is void" *(Pimpinello v Swift & Co.,* 253 NY 159, 163; *see also,* 19 NY Jur 2d, Compromise, Accord, and Release, § 95). In applying this rule—actually an exception to the general rule stated above—the court erred, both on the law and on the facts.

First, as a matter of law, it must be noted that the rule stated in the *Pimpinello* case is applicable only when the signer of the document is free of negligence. Persons who are blind or illiterate are not automatically excused from complying with the terms of the contracts which they sign simply because their disability might have prevented them from reading the contracts. The cases consistently hold that a person with such a disability must make a reasonable effort to have the document read to him *(see, e.g., Albany Med. Center Hosp. v Armlin, supra,* at 867; *Wallach Agency v Bank of N. Y.,* 75 AD2d 878, 879). The same should be true of a person who claims not to understand English. Even assuming Mr. Sofio was unable to understand the release, he should not have signed it before having it explained to him.

Second, as a matter of fact, there is no proof that Mr. Sofio's command of English is so poor as to justify the inference that, if he had taken the trouble to read the release, he would not have been able to understand it. Mr. Sofio testified at the nonjury trial in English and admitted, among other things, that he reads Newsday every day. Upon our review of the record, we find that Mr. Sofio both understands and speaks

English sufficiently to warrant the inference that had he read the document, he would have understood it. His misapprehension concerning the scope of the release is thus attributable solely to his negligent failure to read it.

There is no proof that an agent of the defendant McNicholas Transportation Company misrepresented the nature of the document signed by the plaintiffs. The Supreme Court's contrary finding was apparently based on Mr. Sofio's testimony to the effect that a claims adjuster had offered to pay $900 shortly after having inspected the damage to the plaintiffs' vehicle. There is no proof that the adjuster told Mr. Sofio that the document in question (which was mailed to Mr. Sofio and signed by him two weeks after the inspection) would be applicable only to a cause of action to recover property damages. Accordingly, there was no proof of fraud or misrepresentation in this case. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.