■ BANK LEUMI TRUST COMPANY, Respondent, v COSMOPOLITAN BROADCASTING CORP. et al., Appellants.—Judgment of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered August 1, 1989, awarding Bank Leumi $136,200 against defendants Cosmopolitan Broadcasting Corp. (CBC) and Donald J. Lewis (Lewis), jointly and severally, upon a motion brought pursuant to CPLR 3213, unanimously affirmed, with costs and disbursements.

Lewis is the president and sole shareholder of CBC. On May 5, 1983, CBC unconditionally guaranteed to Great Oxford Commercial Ltd. (Oxford), an equipment leasing company, payment of all financial obligations of Unitel Security Services, Inc. (Unitel) under an equipment lease of that date. Lewis knew that Bank Leumi's financing was conditioned upon the execution by CBC of the guarantee, and that the lease and related documents were to be assigned to Bank Leumi simultaneously with the closing of the transaction. The guarantee specifically provided that CBC's obligation would run to assignees.

In 1985, Unitel defaulted. Bank Leumi sought payment of the $120,000 balance from CBC under its guarantee. CBC satisfied Unitel's $120,000 debt by taking out a loan from Bank Leumi and executing a renewable promissory note in that amount. In August 1984, Lewis had executed an unlimited guarantee of all CBC's financial obligations, including future obligations, to Bank Leumi. When in August 1988, CBC defaulted in payment of the last promissory note, Bank Leumi moved for summary judgment in lieu of complaint against CBC and Lewis.

CBC claims it was fraudulently induced to execute the $120,000 promissory note when Bank Leumi's representative asserted that CBC's May 5, 1983 guarantee of Unitel's financial obligations was a "general" guarantee, as opposed to a "special" guarantee, i.e., a guarantee enforceable only by the person to whom it is given. However, as previously noted, Lewis knew that Unitel's obligation under the lease to Oxford and the guarantee were going to be assigned by Oxford to

Bank Leumi, and the guarantee specifically provides that Oxford had the right to assign, and that CBC's guarantee would then be effective in favor of the assignee.

Accordingly, Bank Leumi established its prima facie entitlement to summary judgment against CBC, and CBC has not raised an evidentiary issue as to any valid defense *(Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, *affd* 29 NY2d 617).

Lewis' defense of lack of consideration is likewise without merit. The guarantee of CBC's obligations executed in 1984 contemplated the accrual of future indebtedness, and such credit was eventually extended by Bank Leumi to CBC *(Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701).* Concur—Murphy, P. J., Kupferman, Ross and Ellerin, JJ.