■ Steven A. Kessner et al., Appellants, v Estate of Dora F. Izsak, Deceased, et al., Respondents. Estate of Dora F. Izsak, Deceased, et al., Respondents, v Steven A. Kessner et al., Appellants, et al., Defendant.—Order and judgment (one paper), Supreme Court, New York County (William J. Davis, J.), entered July 18, 1990, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint, and declared the real estate contract of sale terminated as of August 11, 1989 upon plaintiffs' failure to close, and plaintiffs' $45,000 downpayment forfeited, unanimously affirmed, with costs.

By contract dated April 28, 1989, plaintiff United Development International, Inc., agreed to purchase 125 East 62nd Street for $1.1 million. When plaintiff failed to complete the Capital Gains Tax Questionnaire or appear for closing on the adjourned date, seller declared a default and retained the downpayment pursuant to the contract of sale.

Purchaser commenced an action for damages only, but nonetheless filed a notice of pendency. After the notice of pendency was vacated, purchaser belatedly asserted a claim for specific performance. Seller promptly offered purchaser another opportunity to close, but purchaser again failed to appear.

In opposing seller's motion for summary judgment, plaintiff maintained that seller had breached a clause of the contract requiring seller to "cooperate prior to closing in the filing of any alteration plans". In some papers this breach was asserted to arise out of seller's refusal to allow purchaser to make small test borings, which in any event were never demonstrated to be necessary, while in other papers, the breach was claimed to be seller's refusal to allow the construction of an inspection pit. Moreover, plaintiffs failed to specify when the breach allegedly occurred, which, under the circumstances presented, was essential in order to demonstrate that the breach was material, or indeed related in any way to purchaser's nonperformance.

The record demonstrates that seller executed alteration plans prepared by plaintiffs, precisely as they had requested. In this posture, Supreme Court was fully justified in concluding plaintiffs had raised only feigned issues, not any genuine factual issues warranting a trial *(Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701; *Brecher v Mutual Life Ins. Co.,* 120 AD2d 423). We have reviewed plaintiffs' remaining contentions and find them to be without merit. Concur— Sullivan, J. P., Milonas, Ross, Asch and Kassal, JJ.