■ MARVIN WOOL et al., Appellants, v 179 EAST 78TH STREET CORP., Respondent.—Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered January 22, 1990, which dismissed the complaint and declared that plaintiffs are not entitled to the exclusive use and occupancy of the space located in the basement of the premises, unanimously affirmed, with costs.

The offering plan issued in connection with the 1978 cooperative conversion of these premises contained an internal inconsistency, in that apartment 1B was described as a 3½ room unit while an architect's report indicated that the basement was stated to include "a recreation room for first floor apartment B". Prior to signing a contract, plaintiffs inquired and were advised by a broker, upon the advice of management, that the basement room was not part of the unit. After agreeing to purchase the apartment, this same notice was reiterated directly to plaintiffs by the board at plaintiffs' interview. Finally, in response to the Board's request, plaintiffs represented in writing, "Upon our purchase of apartment 1B we understand that we have no claim to occupying the recreation room in the basement". The cover letter thereto indicated that this disclaimer was based upon two representations of the managing agent, including a representation that the recreation room was not being used by another shareholder of the property. Five months after plaintiffs closed, they brought this action.

Supreme Court properly rejected plaintiffs' claims to the basement space. Neither the proprietary lease nor the building's certificate of occupancy support any entitlement to the basement space. The architect's passing reference to basement space "for" apartment 1B cannot possibly have been intended to or have had the effect of conveying legal rights to the owner of that apartment, let alone to a purchaser from a tenant-shareholder eight years after the conversion became effective. Further, plaintiffs failed to present any evidence that the two representations of the managing agent, upon which the disclaimer was purportedly based, were untrue *(Zuckerman v City of New York,* 49 NY2d 557). To the extent plaintiffs also claim they were fraudulently induced into executing their disclaimer by the oral statements of a co-op board member that the basement space did not exist, the issue purportedly raised thereby is feigned and insufficient to defeat summary judgment, as plaintiffs' own disclaimer, on its face, recognizes the existence of a basement recreation room *(see, Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701). Further, there is no merit to plaintiffs' claim of duress *(see, Austin Instrument v Loral Corp.,* 29 NY2d 124). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Smith, JJ.