■ CLAUDE KENOL et al., Respondents, v NONGNAT NELSON et al., Appellants, et al., Defendants.—In an action, *inter alia,* for specific performance of a contract to convey real property and to recover damages for breach thereof, the defendants Nongnat Nelson and Alexander Nelson appeal from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated January 31, 1990, as denied their motion to vacate a default judgment of the same court, dated August 19, 1988, which, after an inquest, *inter alia,* is in favor of the plaintiffs

in the principal sum of $101,174, and determined that a conveyance of the property from Nongnat Nelson to Alexander Nelson was null and void.

Ordered that the order is affirmed insofar as appealed from, with costs.

In March 1984 Nongnat Nelson signed a contract in which she promised to convey her title to certain real property to the plaintiffs, Claude Kenol and Ramona Kenol. In September 1984, she breached that contract by conveying title to her husband, Alexander Nelson.

The Kenols commenced this action against Nongnat Nelson in 1984 and she served an answer in January 1985. In August 1985, notwithstanding the pendency of the Kenols' action against Nongnat Nelson, Alexander Nelson contracted to convey the premises to Doreen Ramsuchit and Randal Ramsuchit. Alexander Nelson never complied with the terms of that contract. The Ramsuchits then brought a separate action against both Alexander and Nongnat Nelson.

In an order dated December 15, 1987, the Supreme Court granted the Kenols' motion to add Alexander Nelson and the Ramsuchits as parties to their action against Nongnat Nelson, and authorized service of a supplemental summons and amended complaint on these additional parties. A supplemental summons and amended complaint were prepared and, on this appeal, there is no issue presented as to the propriety of the service of these papers on Alexander Nelson.

In a separate order dated December 15, 1987, the Supreme Court granted a motion by Nongnat Nelson's former attorney for leave to withdraw from the action. This attorney maintained that the only address through which he was able to reach his ex-client by mail was 94-12 Hollis Court Boulevard, Queens Village, the property which is the subject of this litigation. His alleged inability to reach his client at that address, or otherwise, and his consequent inability to prepare a defense, were among the bases for his motion to withdraw. There is no indication in the appendix filed by the appellants that this attorney ever actually appeared on behalf of Alexander Nelson in the action brought against him by the Kenols; in fact, neither Alexander Nelson nor Nongnat Nelson ever served an answer to the amended complaint.

In an order dated March 31, 1988, the Supreme Court granted a motion to jointly try the Kenols' action with the Ramsuchits' action against both Nongnat and Alexander Nelson. These two actions proceeded to an inquest on June 8,

1988. After an inquest, separate judgments were entered in favor of both the Kenols and the Ramsuchits, and against Nongnat Nelson and Alexander Nelson.

By order to show cause dated November 6, 1989, the Nelsons made the present motion to vacate the judgment which had been entered in favor of the Kenols; the validity of the judgment in favor of the Ramsuchits is not at issue. The sole basis upon which the Nelsons claim entitlement to relief from this default judgment is that provided for in CPLR 5015 (a) (1) and CPLR 2005.

In support of this motion, the Nelsons claimed, in essence, that their former attorney did not keep them advised of the progress of the Kenol action. They claim that they informed this attorney that they had moved to Florida in April 1987 and that they had informed him of their new address. The attorney submitted an affidavit contradicting the latter assertion, and stating unequivocally that he "had only the Nelsons' Queens address [at which] to contact them."

The Supreme Court denied the motion to vacate the default judgment, and this appeal followed.

We agree with the plaintiffs that, under the circumstances outlined above, the least the Nelsons should have done in order to demonstrate a reasonable excuse for their default was to provide the Supreme Court with their supposed address in Florida. Although Alexander Nelson submitted a reply affidavit, he failed to do even this. Considering the quantity of evidence which contradicts the Nelsons' assertion that in April 1987 they took up residence in Florida, we agree with the plaintiffs that the Supreme Court properly declined to exercise its discretion to relieve the Nelsons of the default judgment in the absence of any proof as to exactly where they have been residing for the past four to five years.

The Nelsons have also failed to show a meritorious defense. Nongnat Nelson's conclusory assertion that she cannot "read [or] write English very well" is belied by the fact that numerous parties, in their opposing affidavits, attested to her ability to speak the language perfectly, as well as by the fact that her sworn affidavit and the original answer which she verified were written in English. The attorney who represented Nongnat and Alexander Nelson in the purported sale of the property to the Ramsuchits stated in an affidavit that "both parties spoke and read English in my presence". There is an overwhelming quantity of additional evidence to confirm that Nongnat Nelson spoke and read English well, and fully under-

stood the nature of these transactions. In any event, a claim of illiteracy in the English language is, by itself, insufficient to avoid the rule that "[a] party who signs a contract without any valid excuse for having failed to read it is 'conclusively bound' by its terms" *(Sofio v Hughes,* 162 AD2d 518, 519, quoting *Gilman v Chase Manhattan Bank,* 73 NY2d 1, 11).

We find that the Nelsons' remaining alleged defenses are equally meritless. Under these circumstances, it is clear that the Supreme Court did not abuse or improvidently exercise its discretion in denying their motion to vacate the default judgment. Bracken, J. P., Lawrence, Eiber and Miller, JJ., concur.