■ ALICE F. JACKSON, Individually and as Executrix of DORA F. IZSAK, Deceased, Respondent, v STEVEN A. KESSNER et al., Appellants and Third-Party Plaintiffs-Appellants. EUGENE A. WOLKOFF et al., Third-Party Defendants-Respondents.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered September 12, 1991, which, insofar as appealed from, granted third-party defendants' motion to dismiss the third-party complaint, and denied third-party plaintiffs' cross motion to disqualify plaintiff's attorneys, unanimously affirmed, with costs.

This is an action to recover damages allegedly sustained as a result of the improper filing of notices of pendency. Third-party defendants are a law firm that represented plaintiff, as seller, in a transaction involving the sale of realty to defendants. The action defendants brought against plaintiff for return of their downpayment was dismissed upon the ground that plaintiff was within her rights in declaring defendant in default (see, Kessner v Estate of Izsak, 170 AD2d 351). In their third-party complaint, defendants assert that plaintiff's attorneys are at fault for the filing of the notices of pendency in that they failed to convey certain offers and other information to plaintiff prior to her declaration of the default.

We agree with the IAS Court that the third-party complaint fails to state a cause of action, since third-party defendants'

representation of plaintiff could have had no conceivable bearing on defendants' decision to file notices of pendency. Defendants cannot be heard to argue that plaintiff has a cause of action against her own attorneys for professional malpractice or breach of fiduciary duty. In view of the dismissal of the third-party complaint, any need there might otherwise have been for plaintiff's attorneys' testimony is eliminated, rendering defendants' cross motion to disqualify such attorneys without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Kassal and Rubin, JJ.