■ DANIEL GALE ASSOCIATES, INC., Respondent, v HILLCREST ESTATES, LTD., Appellant. [724 NYS2d 201] —In an action to recover damages for breach of a brokerage agreement, the defendant appeals from (1) so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated November 16, 2000, as granted the plaintiff's motion for summary judgment on its first cause of action, and (2) a judgment of the same court, entered December 5, 2000, which is in favor of the plaintiff and against it in the principal sum of $79,375.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see, CPLR 5501 [a] [1]*).

The plaintiff established that pursuant to a listing agreement dated November 12, 1999, as extended by written agreement dated January 10, 2000, and as subject to a co-brokerage agreement dated January 27, 2000, it was entitled to receive the sum of $79,375, representing 1.25% of the purchase price of certain real property. These same documents establish that another broker, Piping Rock Associates, Inc. (hereinafter Piping Rock), was entitled to the sum of $158,750, and that a

third broker, Prudential Long Island Realty, Inc. (hereinafter Prudential), was entitled to the sum of $79,375, representing 2.5% and 1.25% of the purchase price, respectively. The appellant paid the commissions to Piping Rock and Prudential, but refused to pay the plaintiff. The Supreme Court granted the plaintiff's motion for summary judgment in its first cause of action to recover the sum of $79,375. We affirm.

The appellant contends that it is not bound to pay the commission to the plaintiff because the listing agreement with the plaintiff expired effective January 11, 2000, and that it never agreed to extend the listing. The appellant acknowledges that its principal, Irwin Stillman, signed the extension agreement in question. However, the appellant asserts that Stillman signed the extension without reading it, and in reliance on certain misrepresentations made by the plaintiff's agent as to its content. In seeking to excuse Mr. Stillman's failure to read the agreement, the appellant claims that Mr. Stillman did not have his glasses. Mr. Stillman is a sophisticated businessman who was involved in the sale of a property worth several million dollars. The appellant failed to raise an issue of fact as to whether the momentary unavailability of his glasses justified his failure to read the document presented to him for signature.

In the case of *Whipple v Brown Bros.* (225 NY 237), relied on by the appellant, the plaintiff signed a contract without reading it because he did not have his glasses. In *Whipple* the Court of Appeals had to determine whether the plaintiff, who did not assert a cause of action based on fraud, could properly sue based on a prior oral contract, or whether, instead, the plaintiff was limited to a suit in equity for reformation of the written contract. The Court of Appeals does not appear to have considered the precise question presented in this case: that is, whether a sophisticated businessman may avoid a contract where he signs a document without first locating his glasses to enable him to read it. Furthermore, the appellant's payment of the commissions to Prudential and Piping Rock in the amounts stated above constitutes an effective ratification of the very extension agreement which it now, at least insofar as the plaintiff is concerned, seeks to disavow (*see, Lindenwood Dev. Corp. v Levine,* 178 AD2d 633).

Under the circumstances, the appellant failed to raise a triable issue of fact to bar application of the general rule that "[a] party who signs a document without any valid excuse for having failed to read it is 'conclusively bound' by its terms" (*Sofio v Hughes,* 162 AD2d 518, 519, quoting *Gillman v Chase Manhattan Bank,* 73 NY2d 1, 11; *see also, Columbus Trust Co. v Cam-*

*polo,* 110 AD2d 616, 617, *affd* 66 NY2d 701; *Albany Med. Ctr. Hosp. v Armlin,* 146 AD2d 866, 867; *Boucher v Eastern Sav. Bank,* 145 AD2d 520; *Matter of Barone [M & K Realty Co.],* 143 AD2d 1008).

The appellant's remaining contentions are without merit. Bracken, P. J., Florio, Schmidt and Adams, JJ., concur.