OPINION OF THE COURT
Memorandum.
Appeals from orders dated October 4, 2002 and November 15, 2002 unanimously dismissed.
Orders dated August 24, 2001 and December 12, 2002 unanimously affirmed, without costs.
 No appeal lies from the denial of the November 15, 2002 application for an order to show cause (CCA 1702; Matter of Allah v Scheinman, 61 NY2d 755 [1984]; Colucci v Jennifer Convertibles, 283 AD2d 224, 225 [2001]; cf. CPLR 5704 [b]). Similarly, no appeal lies from an order entered upon an appealing party’s default (CPLR 5511; O’Connell v Kerson, 291 AD2d 386, 387 [2002]; Adamson v Evans, 283 AD2d 527 [2001]). Thus, the appeal from the order of October 4, 2002 must also be dismissed. Occupant’s remedy was to move to vacate the default and appeal, if necessary, from the resulting order (Kastberg v JLM Land Dev. Corp., 280 AD2d 453 [2001]).
We affirm the August 24, 2001 and December 12, 2002 orders, which denied occupant’s motions to vacate the parties’ settlement stipulation, inter alia, on the ground that, as a native Russian speaker, he did not understand its terms. Written settlement stipulations are favored by the courts “and will not *24 be set aside in the absence of fraud or overreaching” (Matter of Galasso, 35 NY2d 319, 321 [1974]), “mistake ... or duress” (Natole v Natole, 256 AD2d 558, 559 [1998]), or other “good cause” (Matter of Frutiger, 29 NY2d 143, 150 [1971]) sufficient to overcome the policy to strictly enforce such agreements, deemed “essential to the management of court calendars and the integrity of the litigation process” (Hallock v State of New York, 64 NY2d 224, 230 [1984]). On its face, the stipulation’s uncomplex and unremarkable terms represented an equitable and balanced surrender of interests and occupant otherwise failed to raise a triable issue of any matter which, if proved, would implicate the stipulation’s validity.
Moreover, a contract’s signatory “is presumed to know the contents of the instrument [ ]he signed and to have assented to [its] terms” (British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg, 172 AD2d 234 [1991]; see also Imero Florentino Assoc. v Green, 85 AD2d 419, 420 [1982]). “[A]n inability to understand the English language, without more, is insufficient to avoid this general rule” (Maines Paper & Food Serv. v Adel, 256 AD2d 760, 761 [1998]). “Persons who are illiterate . . . must make a reasonable effort to have the contract read” (Shklovskiy v Khan, 273 AD2d 371, 372 [2000]; Sofio v Hughes, 162 AD2d 518, 520 [1990]) and may not overturn a stipulation on the grounds of ignorance of its contents absent a valid explanation why this was not done (Kenol v Nelson, 181 AD2d 863, 866 [1992]; see also Kassab v Marco Shoes, 282 AD2d 316 [2001] [if insufficiently proficient in English to understand a contract’s terms, “it (is) incumbent upon (a signor) to make a reasonable effort to have the document explained”]). Thus, occupant is deemed to have understood and acknowledged the stipulation’s terms, notwithstanding his alleged linguistic limitations, absent an explanation why he failed to make a “reasonable effort” to “have the document read” (see So fio v Hughes, 162 AD2d at 521 [proof that the reader “misrepresented the nature of the document” may relieve a non-English-speaking party from its obligations]). In any event, based upon its personal observations of occupant during his participation in several court appearances, lengthy negotiations, and authorship of court documents, the court was persuaded that occupant understood satisfactorily the nature of the proceedings and the stipulation’s few and uncomplicated terms, and we perceive no grounds to overturn that determination.
Pesce, P.J., Patterson and Rios, JJ., concur.