■ EDGAR GUERRA, Plaintiff, v ASTORIA GENERATING COMPANY, L.P., et al., Defendants and Third-Party Plaintiffs-Respondents. VILLAGE LANDSCAPING, INC., Third-Party Defendant-Appellant. [779 NYS2d 563]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated October 21, 2003, as granted that branch of the motion of the third-party plaintiffs which was for summary judgment on the contractual indemnification cause of action.

Ordered that the order is affirmed, with costs.

A party that signs a document is conclusively bound by its terms absent a valid excuse for having failed to read it (*see Da Silva v Musso,* 53 NY2d 543, 550-551 [1981]; *Daniel Gale Assoc. v Hillcrest Estates,* 283 AD2d 386, 387 [2001]). In opposition to the third-party plaintiffs' prima facie showing that the third-party defendant signed documents in which it agreed to be bound by and acknowledged receipt of "General Conditions of Contract for Vendor Services" (hereafter General Conditions), a document that contained an indemnification clause, the third-party defendant's excuse that it never received the General Conditions and that its president, a sophisticated businessman, thought that the General Conditions mentioned in the documents he executed on behalf of the third-party defendant referred to instructions he was given as he walked around the premises prior to executing the contract, was insufficient to defeat summary judgment (*see Nissho Iwai Europe v Korea First Bank,* 301 AD2d 469, 470 [2003]; *Daniel Gale Assoc. v Hillcrest Estates, supra*). Prudenti, P.J., Ritter, Cozier and Skelos, JJ., concur.