In a contested probate proceeding, the objectant Maya L. Sherpa appeals (1) from an order of the Surrogate’s Court, Dutchess County (Pagones, S.), dated August 21, 2009, which granted, without a hearing, the petitioner’s motion pursuant to CPLR 3211 (a) to dismiss her objections to probate and her notice of election on the ground that she validly waived her right to election and lacked standing to object, and (2), as limited by her brief, from so much of a decree of the same court dated October 21, 2009, as, upon the order, admitted the will to probate.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the decree is affirmed insofar as appealed from; and it is further,
*526 Ordered that one bill of costs is awarded to the respondent payable personally by the objectant Maya L. Sherpa.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the decree (see CPLR 5501 [a] [1]).
Robert Abady (hereinafter the decedent) and the objectant Maya L. Sherpa (hereinafter the objectant), entered into two prenuptial agreements, one in 2001 and one in 2006. The agreements, which contained the same terms, provided, inter alia, that the objectant waived her rights to the decedent’s estate. The decedent died in 2008 and the petitioner, a former business associate of the decedent, filed a petition to probate his will. The objectant filed objections to probate and a notice of election as the surviving spouse of the decedent. In response, the petitioner moved pursuant to CPLR 3211 (a) to dismiss the objectant’s objections on the ground that she lacked standing based upon the prenuptial agreements in which she waived her rights to the decedent’s estate. In opposition, the objectant contended that the motion should be denied because the prenuptial agreements were not properly acknowledged and were invalid due to fraud in the execution. The objectant requested, if the court was not inclined to deny the petitioner’s motion on the papers, that the court hold an evidentiary hearing on the validity of , the acknowledgments of the prenuptial agreements. In an order dated August 21, 2009, the Surrogate’s Court, without a hearing, granted the petitioner’s motion to dismiss the objectant’s objections and dismissed her notice of election on the ground of lack of standing. Thereafter, in a decree dated October 21, 2009, the Surrogate’s Court, inter alia, admitted the will to probate.
EPTL 5-1.1-A (e) (2) provides that a waiver or release of a surviving spouse’s right to an elective share of the estate of the deceased spouse “must be in writing and subscribed by the maker thereof, and acknowledged or proved in the manner required by the laws of this state for the recording of a conveyance of real property.” “[T]here is no requirement that a certificate of acknowledgment contain the precise language set forth in the Real Property Law. Rather, an acknowledgment is sufficient if it is in substantial compliance with the statute” (Weinstein v Weinstein, 36 AD3d 797, 798 [2007]). “There are two aspects to an acknowledgment: the oral declaration of the signer of the document and the written certificate, prepared by one of *527 a number of public officials, generally a notary public” (Garguilio v Garguilio, 122 AD2d 105, 106 [1986]).
Here, in the 2001 agreement, the objectant’s acknowledgment substantially complied with the requirements of the Real Property Law (see Weinstein v Weinstein, 36 AD3d at 798). Contrary to the objectant’s contention, the decedent was not required to have also properly acknowledged the 2001 agreement. A waiver of the right of election is effective whether “[u]nilateral in form, executed only by the maker thereof, or bilateral in form, executed by both spouses” (EPTL 5-1.1-A [e] [3] [C]; see Estate of Luc R.G. Van Wambeke, NYLJ, May 6, 2008, at 39, col 2 [Surr Ct, New York County, Glen S.]; cf. Domestic Relations Law § 236 [B] [3]).
Alternatively, the objectant contends that the 2001 agreement is invalid due to fraud in the execution and, therefore, she has standing to object to probate of the will and the right to elect against the estate. The objectant’s allegations of fraud in the execution, however, are insufficient as a matter of law (see Pimpinello v Swift & Co., 253 NY 159, 162-163 [1930]; Golden Stone Trading, Inc. v Wayne Electro Sys., Inc., 67 AD3d 731, 732-733 [2009]; Reznikov v Walowitz, 63 AD3d 1134, 1135 [2009]; Sorenson v Bridge Capital Corp., 52 AD3d 265, 266 [2008]; Starayeva v Starayev, 50 AD3d 354 [2008]; Holcomb v TWR Express, Inc., 11 AD3d 513, 514 [2004]; Daniel Gale Assoc. v Hillcrest Estates, 283 AD2d 386, 387 [2001]; Shklovskiy v Khan, 273 AD2d 371, 372 [2000]; Flora v Kingsbridge Homes, 214 AD2d 834, 835-836 [1995]; Sofio v Hughes, 162 AD2d 518, 519-521 [1990]; Matter of Sunshine, 51 AD2d 326, 327-329 [1976], affd 40 NY2d 875 [1976]).
In light of our determination that the 2001 agreement was valid, we need not address the objectant’s contentions that the 2006 agreement was invalid. Mastro, J.P, Santucci, Belen and Chambers, JJ., concur.