11-586-cv
Aylaian v. Town of Huntington, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
              *Chief Judge,*
         RICHARD C. WESLEY,
         SUSAN L. CARNEY,
              *Circuit Judges.*

_____

RONALD C. AYLAIAN,

              *Plaintiff-Appellant,*

         -v.-                                    11-586-cv

TOWN OF HUNTINGTON, TOWN OF HUNTINGTON GENERAL
SERVICES, THOMAS CAVANAGH, THOMAS BOCCARD,
DEBRA J. LUPSKI, ROSEMARY B. WILHELM, LISA
BAISLEY, JOSEPH RECK, ROBERT ALGERIO, sued in
their individual and official capacities pursuant
to NYEL 296,

              *Defendants-Appellees.*

_____

FOR APPELLANT:     KYLE T. PULIS (Scott Michael Mishkin, *on
                   the brief*), Scott Michael Mishkin, PC,
                   Islandia, NY.

FOR APPELLEE:      JAMES P. CLARK, Northport, NY.

Appeal from an order and judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*), which granted Defendants-Appellees' motion for summary judgment and held that Plaintiff-Appellant released Defendants-Appellees from any past liability for civil rights and labor law violations when he signed a resignation agreement with a release of liability clause. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED** for substantially the same reasons as provided in the district court's well-reasoned opinion. We write here to address three arguments Appellant makes on appeal.

First, Appellant argues that his resignation agreement and waiver of liability are voidable because he only agreed to them while under duress. Appellant's only colorable claim of duress is "third-party duress" from his close friend, Joseph Berbinach. Appellant admitted during his deposition that he had absolutely no contact with anyone representing the Town in regards to his resignation and early retirement. Although third-party duress may render a

2

contract voidable, it cannot do so where the other contracting party gives value to the contract. *See* Restatement (Second) of Contracts § 175(2). Here, had Appellant not resigned, the Town would only have been obligated to pay 75% of Appellant's health benefits when he retired. Since Appellant resigned and retired early, the Town is paying 100% of his health benefits. Clearly, the Town has given value to the contract. Therefore, the agreement cannot be considered voidable because of third-party duress.

Second, Appellant argues that his resignation agreement and waiver of liability are voidable because, when he signed at the urging of Berbinach, Appellant did so without reading or understanding them. When evaluating the totality of the circumstances of the execution of a waiver of federal employment claims, *see Bormann v. AT&T Commc'ns, Inc.*, 875 F.2d 399, 403 (2d Cir. 1989), a court need not disregard a plaintiff's knowing failure to read and understand the agreement. A plaintiff who is nearly illiterate—as Aylaian represents himself to be—has a duty, knowing of his limitation, to have the document read to him so that he may understand its contents. The common law, which no doubt

3

informs our consideration of the totality of the circumstances, is unequivocal that, absent fraud or misrepresentation, the uninformed signer of an agreement is bound. *See Pimpinello v. Swift & Co.*, 170 N.E. 530, 531 (N.Y. 1930) ("If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him."); *Sofio v. Hughes*, 556 N.Y.S.2d 717, 718-19 (2d Dep't 1990); *Albany Med. Ctr. Hosp. v. Armlin*, 536 N.Y.S.2d 272, 274 (3d Dep't 1989). Accordingly, because Aylaian had both the burden and opportunity to inform himself further about the waiver's contents and nonetheless signed without learning more, we agree that the totality of the circumstances require the enforcement of that waiver.

Third, Appellant argues that his waiver of his ADEA claim was ineffective under the Older Workers Benefit Protection Act, 29 U.S.C. § 626(f), because his rights were not explained orally. Not so. Congress only requires a written explanation calculated to be understood "by the average individual eligible to participate." *See* 29 U.S.C. § 626(f)(1). In addition, here, the statute required the

4

Town to give Appellant 45 days to review the agreement's terms. During that time, Appellant could have sought counsel or met with a Union representative. He chose not to do so.

We have considered Appellant's other arguments and find them to lack merit.

**AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk