MAITLAND S. JACKSON and JANET D. JACKSON, His Wife, Respondents, v. MARJORIE P. HOWARD, Appellant.— In an action to rescind a contract of sale of real property, judgment reversed on the law, with costs, and complaint dismissed, with costs, on the ground that the record clearly shows that plaintiffs waived the fraud and adopted the contract as valid (1) by failure promptly to seek rescission upon knowledge of the fraud and, instead, by electing to regard the contract as valid for more than a year after such knowledge, during which plaintiffs repaired the dwelling and offered it for sale; and (2) by instituting an action for damages for fraud predicated on the validity of the contract and maintaining the same from August of 1938 to November of 1939. Conclusions of law Second, Third and Fourth are reversed and disallowed and the denials of defendant's conclusions of law A, B and C are reversed and those conclusions are allowed. Hagarty, Johnston and Adel, JJ., concur; Lazansky, P. J., and Carswell, J., concur on the ground that by reason of delay in commencing this action, after full knowledge of the fraud, plaintiffs must be deemed to have waived the same and to have ratified the contract.

MARGARET B. KOHLER and HARRY G. KOHLER, Appellants, v. JOSEPH EICH, Respondent.— Action by the plaintiff-wife for damages for personal injuries and by plaintiff-husband for loss of services, as a consequence of the wife being struck by an automobile owned by the defendant. Judgment dismissing the complaint at the close of the entire case affirmed, with costs. No opinion. Hagarty, Carswell, Johnston and Adel, JJ., concur; Lazansky, P. J., dissents and votes to reverse the judgment and to grant a new trial, on the ground that the credibility of defendant and his principal witnesses should have been submitted to the jury. The relation of the parties; the lateness of the hour during which they were together on the night of the accident; the parking by defendant of the automobile in a parking space within the grounds of the orphanage instead of the garage attached thereto, where it had been parked on previous occasions; the alleged inability of Hillman to operate a car; the incident of the automobile keys and the failure of defendant to investigate it, although he knew the name and the location of the alleged locksmith, bear some earmarks of suspicion and improbability and create doubt that defendant did not consent that Hillman use his car. That there are important considerations to the contrary does not change the question of fact into one of law.