■ WILLIAM HONEGGER et al., Appellants, v PARADOR ENTERPRISES, INC., et al., Respondents.—In an action on a mortgage note, plaintiffs appeal from an order of the Supreme Court, Westchester County, entered November 10, 1978, which denied their motion to dismiss the defendants' affirmative defenses and counterclaims. Order reversed, on the law, with $50 costs and disbursements, and motion granted. On December 20, 1976 plaintiffs entered into a contract to sell vacant land to defendant Parador Enterprises, Inc., conditional upon purchaser obtaining approvals within 30 days from the

Health Department and the Building Department of the Town of Southeast to divide the property into four building lots and to obtain four building permits. On February 17, 1977 Parador closed title to the property without having obtained the approvals and executed a purchase-money mortgage in the amount of $24,000 payable in three annual installments of $8,000, interest to be payable semiannually in August and February. Parador paid the August 18, 1977 interest payment but failed to pay the interest and principal due on February 18, 1978. On July 25, 1978 plaintiffs sued Parador and its president on the mortgage note, which the latter had also signed in his individual capacity. The defendants' answer included affirmative defenses and counterclaims alleging that at the time of closing plaintiffs had orally represented that the parcel sold was not in violation of the town's subdivision regulations and that defendants had been damaged by incurring expenses in attempting to obtain compliance, carrying the property and by virtue of lost sales. Defendants admit in their brief that they realized the falsity of plaintiffs' representations during the summer of 1977. Special Term erred when it denied plaintiffs' CPLR 3211 motion to dismiss defendants' defenses and counterclaims. Regardless of what plaintiffs are alleged to have known or misrepresented about the difficulties of obtaining subdivision approval, the record establishes that defendants waived the alleged fraud and adopted the contract as valid by (1) failing to terminate it in accordance with its terms when the approvals were not obtained; (2) making the interest payment on the mortgage note when it became due on August 18, 1977, six months after title closed; and (3) failing to disaffirm or take action when learning of the fraud in the summer of 1977 and, instead, by electing to regard the contract as valid until it was sued on the mortgage note on July 25, 1978, almost a year and a half after title closed (see *Jackson v Howard,* 260 App Div 1056; *Bankers Fed. Sav. & Loan Assn. v Rudd,* 264 App Div 739). Lazer, J. P., Rabin, Gulotta and Shapiro, JJ., concur.