■ LINDENWOOD DEVELOPMENT CORP. et al., Appellants, v HOWARD L. LEVINE et al., Respondents, et al., Defendants.—In an action for rescission of a contract based on fraud in the inducement, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Leviss, J.), dated May 15, 1991, which, inter alia, granted the respondents' motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

On June 23, 1987, the plaintiff Vista Environment, Inc. (hereinafter Vista) entered into two contracts for the purchase of three parcels of undeveloped land from, inter alia, the respondents Howard L. Levine and Ivan Steinberg. On October 29, 1987, title to the property passed to the plaintiff Lindenwood Development Corp. (hereinafter Lindenwood) as assignee of Vista's rights under the contracts of sale. Lindenwood executed two purchase-money mortgages, one in the sum of $499,000 and the other in the sum of $485,000, with the principal of each payable in three designated installments, the first due April 29, 1989, the second due April 29, 1990, and the last one due October 29, 1990, and with interest to be paid monthly. Lindenwood met its obligations under the purchase-money mortgages until October 29, 1990, when it failed to pay the principal amounts of $426,828 and $423,172, respectively, which became due and payable on that date. On December 3, 1990, the respondent Howard L. Levine sued Lindenwood to foreclose one of the mortgages, and in December 1990 the

instant action was commenced. An action to foreclose the other mortgage was commenced in January 1991. Thereafter, the respondents' motion for summary judgment was granted. We now affirm on grounds different from those expressed by the Supreme Court in its decision.

The plaintiffs contend that they relied on the sellers' written representation in the rider to each of the contracts of sale that "[n]o litigation is pending with respect to the premises". At the time of the closing, Howard L. Levine had commenced a lawsuit against a contracting company which he had hired to landfill the vacant lots, *inter alia,* for not meeting the landfill specifications in his contract with it. Regardless of whether the purchasers had knowledge of this lawsuit at the time they entered into the contracts of sale, the record establishes that the purchasers waived the alleged fraud and ratified the contracts by (1) making the installments payments due on April 29, 1989, and April 29, 1990, on the purchase-money mortgages, and (2) failing to disaffirm or take action when learning of the alleged fraud toward the end of 1988, at least one year after the closing date. Instead, the plaintiffs elected to regard the contracts as valid until they were sued on one of the mortgages in December 1990 almost three years after title closed *(see, Honegger v Parador Enters.,* 71 AD2d 877; *Bankers Fed. Sav. & Loan Assn. v Rudd,* 264 App Div 739; *Jackson v Howard,* 260 App Div 1056).

The plaintiffs further contend that the sellers misrepresented the suitability of the land for development by construction of residential homes. The plaintiffs contend that they relied on the sellers' representation in the attached rider to each contract, which states that the sellers have "no knowledge of any covenant, restriction [or] agreement, which would restrict purchaser from developing the premises as residential homes", in asserting that the sellers knew that the land had been rendered unacceptable for the future placement of construction pilings and the erection of structures thereon. However, in light of the specific disclaimer clause, which states that "the purchaser acknowledges and represents that he has had full and unlimited opportunity to inspect the property, including the testing and boring of surface and subsurface conditions, and to determine for himself whether and to what extent the property is suitable for construction of any kind and to what use the property may be put", we must construe the former clause as not including a representation as to the suitability of the land for construction of residential homes.

Therefore, the complaint was properly dismissed. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.