■ SAMUEL VOTTA et al., Appellants-Respondents, v VOTTA ENTERPRISES, INC., et al., Respondents-Appellants. [672 NYS2d 118] —In an action to foreclose a mortgage upon real property, the plaintiffs appeal (1) from so much of an order of the Supreme Court, Kings County (Belen, J.), entered February 24, 1997, as denied their motion for (a) summary judgment against the defendant Votta Enterprises, Inc., and (b) summary judgment against the defendant Louis Votta on his personal guarantee in such sum as may be determined to be a deficiency, and (2), as limited by their brief, from so much of an order of the same court, dated September 24, 1997, as, in effect, upon renewal and reargument, adhered to the prior determination, and the defendants Votta Enterprises, Inc., Louis Votta, Louis and Rose Votta, Inc., and Rose Votta a/k/a Doro-

thy Votta cross-appeal from stated portions of the order entered February 24, 1997.

Ordered that the cross appeal is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the appeal from the order entered February 24, 1997, is dismissed, without costs or disbursements, as that order was superseded by the order dated September 24, 1997, made upon reargument and renewal; and it is further,

Ordered that the order dated September 24, 1997, is modified, on the law, by deleting the provision thereof which, upon renewal and reargument, adhered to so much of the order entered February 24, 1997, as denied summary judgment in favor of the plaintiff Samuel Votta and substituting therefor a provision granting that summary judgment in favor of that plaintiff; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that, upon searching the record, the defendant Rose Votta a/k/a Dorothy Votta is granted summary judgment dismissing the complaint insofar as asserted against her.

The plaintiffs established Samuel Votta's entitlement to summary judgment based on proof of the mortgage and note, the default thereunder, and the assignment of the mortgage documents to him (see, Village Bank v Wild Oaks Holding, 196 AD2d 812). However, since the mortgage documents were not assigned to the plaintiff Susan Votta, her entitlement to summary judgment was not demonstrated.

The defendants were then required to come forward with sufficient evidence to raise a question of fact regarding any defenses to foreclosure. Their conclusory and unsubstantiated allegations of fraud are insufficient to raise a bona fide issue of fact (see, Bank Leumi Trust Co. v Lightning Park, 215 AD2d 246; Columbus Trust Co. v Campolo, 110 AD2d 616, affd 66 NY2d 701, for reasons stated below). Further, they ratified the debt by continuing to make payments for approximately 18 months after discovery of the alleged fraud. The payments and documentary evidence also refute their claim that the mortgage transaction was unauthorized (see, Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp., 219 AD2d 186, 191; Holm v C.M.P. Sheet Metal, 89 AD2d 229, 232-233).

The defendants have not raised a triable issue of fact regarding the enforceability of the personal guarantee of the mortgage debt executed by Louis Votta (see, Columbus Trust Co. v Campolo, supra). Since the guarantee was assigned to the plaintiff Samuel Votta, he may ultimately be entitled to a deficiency judgment if the debt is not satisfied by a foreclosure sale.

Since the plaintiffs concede that the defendant Rose Votta a/k/a Dorothy Votta is not a proper party to this action, we search the record and grant summary judgment dismissing the complaint insofar as asserted against her.

Finally, we have examined the defendants' remaining contentions and find them to be without merit. O'Brien, J. P., Santucci, Altman and Friedmann, JJ., concur.