■ STEUBEN TRUST CORPORATION, Also Known as STEUBEN TRUST COMPANY, Appellant, v GENESEE METAL PRODUCTS, INC., Respondent. [881 NYS2d 749]—

Appeal from an order of the Supreme Court, Allegany County (Mark H. Dadd, A.J.), entered June 19, 2008 in a breach of contract action. The order denied plaintiff's motion for partial summary judgment on the first cause of action.

It is hereby ordered that the order so appealed from is unanimously reversed on the law with costs and the motion is granted, and

It is further ordered that judgment be entered in favor of plaintiff and against defendant in the amount of $112,500, together with interest at the rate of 9% per annum, commencing from the due date of each rental payment, and costs, disbursements, and attorneys' fees, and the matter is remitted to Supreme Court, Allegany County, for further proceedings in accordance with the following memorandum: In May 1999, defendant leased premises for an 18-year term from the Allegany Area Economic Development Corporation (AAEDC). Plaintiff is the successor in interest to the AAEDC. The lease provided that defendant was to pay monthly rent "without any abatement, deduction or setoff," and it included an option provision for defendant's purchase of the premises. When defendant's president made an inquiry in 2003 concerning the possibility of exercising the purchase option, the executive director of the AAEDC quoted a price that defendant's president viewed as inconsistent with his understanding of the agreement between defendant and the AAEDC. Although the exterior maintenance of the premises was the landlord's responsibility under the terms of the lease, in August 2004 defendant nevertheless contracted for certain maintenance thereto, which the landlord had refused to perform, and defendant withheld the cost of that maintenance from the monthly rent. The AAEDC refused to accept

defendant's partial payment and all subsequent rental payments, and it commenced an eviction proceeding in June 2005. Defendant's answer in the eviction proceeding, wherein defendant was the respondent, asserted for the first time that the lease was unenforceable because the option provision was vague. The eviction proceeding was ultimately dismissed on jurisdictional grounds, and defendant thereafter terminated the lease and vacated the premises as of October 31, 2005.

Plaintiff then commenced this action and moved for partial summary judgment on its first cause of action, for rent due from August 2004 through October 2005. In its answer, defendant interposed the affirmative defense of fraudulent inducement based upon misrepresentations allegedly made by the executive director of the AAEDC concerning the purchase option provision. Supreme Court denied plaintiff's motion based upon its determination that there are issues of fact with respect to the enforceability of the lease because the option provision was vague. We reverse.

Plaintiff established its entitlement to summary judgment by presenting evidence of the lease, defendant's default, and the assignment of the lease to it (*see generally Votta v Votta Enters.*, 249 AD2d 536, 537 [1998]), and defendant failed to raise an issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Even assuming, arguendo, that the option provision is indeed ambiguous, we note that plaintiff is not seeking to enforce that provision. Instead, plaintiff is seeking to recover rent that was unambiguously due pursuant to the lease, and there is no question that the parties intended to be bound by the lease (*see generally Town of Eden v American Ref-Fuel Co. of Niagara*, 284 AD2d 85, 85-90 [2001], *lv denied* 97 NY2d 603 [2001]). Furthermore, we conclude that defendant waived any defense sounding in fraud because it was aware of the position of the executive director of the AAEDC concerning the option provision in 2003 but did not terminate the lease until October 2005 (*see Votta*, 249 AD2d at 537; *Lindenwood Dev. Corp. v Levine*, 178 AD2d 633, 634 [1991]; *Honegger v Parador Enters.*, 71 AD2d 877 [1979]).

We therefore reverse the order, grant plaintiff's motion, direct that judgment be entered in favor of plaintiff and against defendant in the amount of $112,500, together with interest at the rate of 9% per annum, commencing from the due date of each rental payment, and costs, disbursements, and attorneys' fees, and remit the matter to Supreme Court to determine the amount of reasonable attorneys' fees incurred in bringing this action. Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.