AMALGAMATED BANK, Appellant, v HELMSLEY-SPEAR, INC., Defendant, and SCHNEIDER & SCHNEIDER, INC., et al., Intervenors-Respondents. [970 NYS2d 522]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered December 7, 2012, which granted the motion of intervenor defendants to intervene and to vacate a default judgment against defendant in the principal amount of $2,363,542.66, unanimously reversed, on the law, without costs, the motion denied, and the judgment reinstated.

Intervenor-defendant Schneider & Schneider, Inc. (Schneider Corporation) was engaged in the business of, among other things, providing real estate appraisal services; intervenor-defendant Lynn C. Schneider was an officer and director of Schneider Corporation and the president of defendant Helmsley-Spear, Inc. (Helmsley). Schneider held 99% of the total shares in Helmsley, and in October 2007, she sold those shares to nonparty HSI Holdings, LLC (HSI).

In 2009, plaintiff commenced this action against defendants Helmsley and James G. McCauley, a Helmsley employee, for an appraisal that McCauley had allegedly performed negligently. After receiving the summons and complaint, Helmsley's counsel told plaintiff's counsel that Helmsley had transferred its assets to HSI, thus likely rendering any judgment unenforceable. Although it received an extension of time to answer or respond to the complaint, Helmsley never answered or otherwise appeared in the action. For his part, McCauley settled with plaintiff, and the court eventually dismissed the action against him with prejudice.

On March 30, 2011, the Clerk entered a default judgment of $2,289,600 against Helmsley. Plaintiff sought to enforce the judgment by collecting the proceeds that Lynn Schneider had received from her 2007 sale of shares to HSI on the ground that the sale was a fraudulent transfer of Helmsley's assets. To ac-

complish the enforcement, in March 2012, plaintiff commenced *Amalgamated Bank v Schneider & Schneider, Inc.* (index No. 650776/2012 [the supplemental proceeding]), asserting claims under CPLR 5225 (b) and Debtor and Creditor Law §§ 273, 276, 276-a and 278.

Schneider Corporation and Lynn Schneider (together, intervenors) then moved to intervene on Helmsley's behalf in this action and vacate the default judgment. On the motion, intervenors argued that Schneider Corporation was not involved in the offending appraisal or in Helmsley's decision to default. Thus, intervenors concluded, it would be inequitable to hold them accountable for alleged wrongdoing that had not been adjudicated on the merits and in which they played no part.

The IAS court should have denied intervention. As we have held, "[T]he potentially binding nature of the judgment on the proposed intervenor is the most heavily weighted factor in determining whether to permit intervention" (*Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC*, 77 AD3d 197, 202 [1st Dept 2010], citing *Vantage Petroleum, Bay Isle Oil Co. v Board of Assessment Review of Town of Babylon*, 61 NY2d 695, 698 [1984]; *see also Matter of Tyrone G. v Fifi N.*, 189 AD2d 8, 17 [1st Dept 1993]).

Here, however, intervenors cannot intervene by arguing that the default judgment has a res judicata effect on the supplemental proceeding and adversely affects their rights in that proceeding. The default judgment has no res judicata effect on intervenors because a default is not a determination on the merits as is necessary to invoke that doctrine (*see People v Evans*, 94 NY2d 499, 502 [2000] ["claim preclusion . . . contemplates that the parties had a 'full and fair' opportunity to litigate the initial determination"]; *see also Chevalier v 368 E. 148th St. Assoc., LLC*, 80 AD3d 411, 413 [1st Dept 2011] [it is "the (long)-standing policy of the Courts to favor adjudication of the merits over default dismissals"]). Likewise, intervenors were not parties to the default action (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999] ["Under res judicata, or claim preclusion, a valid final judgment bars future actions *between the same parties* on the same cause of action" (emphasis added)]).

Further, plaintiffs did not obtain the default judgment through fraud or through any other wrongdoing (*see Smith v Daca Taxi*, 222 AD2d 209 [1st Dept 1995]; *Rowan v Rowan*, 202 AD2d 281, 282 [1st Dept 1994]; *cf. Oppenheimer v Westcott*, 47 NY2d 595 [1979]). Rather, as the record makes clear, the default judgment resulted from Helmsley's decision not to answer the

complaint or otherwise appear in the action because it apparently believed itself to be judgment-proof and that plaintiff would be unable to satisfy the judgment against it. Accordingly, intervenors cannot show that Helmsley had a reasonable excuse for the default (*see Brown v Suggs*, 38 AD3d 329, 330 [1st Dept 2007] [deliberate default is not excusable]). Although intervenors might well have decided to choose a different course for the litigation, the decision to default was Helmsley's to make, and Helmsley's choice does not confer on intervenors the right to defend the action based on their status as former owners. Intervenors' right to act for defendant ended with the 2007 sale—an event that occurred four years before the clerk entered the default judgment against Helmsley.

Nor can proposed intervenors show that they, as intervenors, have a meritorious defense. On the contrary, the only defenses that intervenors have proposed actually belonged to Helmsley and McCauley; intervenors raise no defenses of their own interests. Of course, intervenors may raise whatever defenses they want to raise in the supplemental proceeding—the action that was actually commenced against them.

*Oppenheimer* (47 NY2d 595), upon which the motion court placed much reliance, does not support intervenors' position. As the motion court noted, the *Oppenheimer* Court stated that intervenors had an interest in setting aside the default judgment (*id.* at 602). The *Oppenheimer* Court did not, however, set aside the default judgment on that basis alone; the court merely allowed intervenors to intervene on that basis. But the *Oppenheimer* Court also found that plaintiff had obtained the default judgment through fraud or wrongdoing, and indeed, the fraud or wrongdoing was the reason for the vacatur (*id.* at 599, 603-604 ["we hold that the default judgment . . . must be vacated, for the record is clear that (plaintiff) was guilty of misconduct, if not fraud . . . . The withholding of . . . information from the court was . . . clearly misconduct, if not fraud, warranting vacatur of the judgment"]). By contrast, as stated above, no wrongful acts precipitated the default judgment in this case.

Likewise, *Yuppie Puppy Pet Prods., Inc.* (77 AD3d 197) does not support intervenors' argument. The plaintiff in *Yuppie Puppy* sued when defendant failed to honor a lease (*id.* at 199-200). The defendant defaulted in the litigation; the court issued a judgment in the plaintiff's favor, allowing it to continue to occupy the property until the defendant could pay certain monies owed under the lease (*id.* at 199). In the interim, the defendant had defaulted on its mortgage, resulting in the proposed intervenor's commencement of a foreclosure action (*id.*).

There, unlike here, the proposed intervenors' rights were intertwined with a default judgment that allowed the plaintiff to alienate property that was collateral for proposed intervenors' loan to the defaulting defendant (*id.*). There were simply no circumstances under which the proposed intervenor would not be affected by the default judgment. Thus, this court permitted intervention under CPLR 1012 (a) (3), because the action involved property rights and the proposed intervenor would be affected adversely by the judgment (*Yuppie Puppy*, 77 AD3d at 200-201). Equally important was our finding that intervention was appropriate because plaintiff had "aggressively used the judgment in an effort to preclude [the proposed intervenor] from obtaining any relief in its separate, pending, foreclosure action" (*id.* at 202). Neither situation exists here.

We have considered the parties' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ. [**Prior Case History: 37 Misc 3d 1229(A), 2012 NY Slip Op 52225(U).**]