Order, Supreme Court, New York County (Ellen M. Coin, J.), entered April 1, 2013, which, inter alia, denied plaintiffs motion for summary judgment in lieu of complaint, and granted proposed intervenor Andrew Poma’s motion to intervene in the instant action, unanimously reversed, on the law, without costs, the motion for summary judgment granted and the motion to intervene denied.
The promissory note at issue was executed in favor of nonparty Adem Arici by Andrew Poma on behalf of defendant Idaho Farmers Market. Poma represented himself as being Idaho’s “President and 66% shareholder.” Plaintiff, an assignee of the promissory note, demonstrated his prima facie entitlement to accelerated judgment on the note by submitting a copy *501 of the note evidencing its assignment from Arici to plaintiff and proof of Idaho’s default in payment (see Bronsnick v Brisman, 30 AD3d 224 [1st Dept 2006]; Shearson Lehman Hutton v Myerson & Kuhn, 197 AD2d 410 [1st Dept 1993]). Although plaintiff was not a holder in due course and took the note subject to Idaho’s proffered defenses, Idaho failed to raise any triable issue of fact in opposition to plaintiff’s motion for summary judgment (see Carlin v Jemal, 68 AD3d 655 [1st Dept 2009]; UCC 3-302 [1]). Idaho’s asserted defense, that Poma lacked corporate authority to execute the note, is unpersuasive because Poma signed the note as Idaho’s “President and 66% shareholder.”
Even assuming Poma’s executive and ownership status was insufficient to confer actual authority, it still constituted apparent authority by a corporate president, which is sufficient to bind the corporation on its obligation with a third party (Goldston v Bandwidth Tech. Corp., 52 AD3d 360 [1st Dept 2008], lv dismissed 11 NY3d 904 [2009]). It ill behooves Poma, who signed the note, to now claim on behalf of himself and Idaho that he lacked authority as a means of avoiding payment on the note. The claim that Arici actually knew that Poma lacked authority when the note was signed is raised for the first time on appeal and will not be considered by this court to create a factual dispute on the reasonableness of Arici believing Poma had authority (see Matter of Bank of N.Y. [UBS Warburg], 4 AD3d 112 [1st Dept 2004]).
The asserted defense of fraudulent inducement is based upon representations made by Arici to Poma in connection with a separately executed stock purchase agreement. Nothing on the face of either the note or the stock purchase agreement creates an issue of fact about whether the parties intended to treat these documents as mutually dependent contracts (see Rudman v Cowles Communications, 30 NY2d 1, 13 [1972]). While there are some minor references in the note to the stock purchase agreement, there is no affirmative language making their respective payment obligations interdependent. The parties to the note are not even the same as the parties to the stock purchase agreement. Plaintiffs right to payment can be ascertained from the face of the note itself, without resorting to extrinsic documents (see Boland v Indah Kiat Fin. [IV] Mauritius, 291 AD2d 342, 343 [1st Dept 2002]). Consequently, any alleged misrepresentations made to induce Poma to sign the stock purchase agreement are not a defense assertable by Idaho to avoid payment of the note. Even if the note and stock purchase agreement were interdependent contracts, the alleged misrepresenta *502 tions made in connection with the stock purchase agreement were waived and the agreement was ratified, when Poma, after learning about the fraud, continued to make payments and otherwise took no action to repudiate the stock purchase agreement (see Lindenwood Dev. Corp. v Levine, 178 AD2d 633, 634 [2d Dept 1991]).
The stock purchase agreement has never been rescinded, but remains a valid agreement, with Poma still in possession of the shares of Idaho’s stock (see Matter of Fresh Meadows Jewish Ctr. [Gordon], 75 AD2d 814 [2d Dept 1980]). Thus, permission for Poma to intervene should have been denied because “a shareholder, even a principal shareholder, who is incidentally injured by an injury to the corporation does not have standing to sue on the basis of either that direct or indirect injury” (Breiterman v Elmar Props., 123 AD2d 735, 736 [2d Dept 1986], lv dismissed 69 NY2d 823 [1987]). Poma has no individual defenses to this action other than what can be asserted by Idaho itself and, for the reasons noted, Idaho’s defenses lack merit (see Amalgamated Bank v Helmsley-Spear, Inc., 109 AD3d 418, 420 [1st Dept 2013]). Poma may have personal rights and remedies under the stock purchase agreement, but those claims are not part of this action.
We have considered the remaining arguments and find them unavailing.
Concur — Mazzarelli, J.P, Andrias, DeGrasse, Freedman and Gische, JJ.