■ 276-8 PIZZA CORP., Doing Business as JOHN'S PIZZERIA, Respondent, v LISA FREE, Also Known as LISA CASTELLOTTI, Appellant. 276-8 PIZZA CORP., Doing Business as JOHN'S PIZZERIA, Appellant, v LISA FREE, Also Known as LISA CASTELLOTTI, Respondent. ROBERT VITTORIA, Intervenor-Respondent. [988 NYS2d 609]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered on or about September 13, 2013, which granted intervenor-respondent's motion to intervene, unanimously affirmed, without costs. Order, same court and Justice, entered January 27, 2014, which granted plaintiff's motion for a preliminary injunction, unanimously reversed, on the law, without costs and the motion denied.

This is an action for trademark dilution and infringement resulting from defendant's use of plaintiff's trade name, "John's Pizzeria," and related marks. Intervenor-respondent, who is plaintiff's co-president and majority shareholder, was not consulted about, and did not authorize, the lawsuit before it was brought. He objects to it on the ground that it has the potential to cause irreparable harm to the corporation's reputation and goodwill and because he believes it is in the corporation's best interests to permit defendant to stay in business and use the "John's Pizzeria" name. As respondent holds 60% of the corporation's voting shares, the lawsuit was impermissibly brought without his authorization (see Business Corporation Law § 614 [b]). Under the circumstances, he is entitled to intervene as of right, since he has established that his interest could not be adequately represented by the parties and that he may be bound by any judgment entered in this case (see CPLR 1012 [a] [2]).

Respondent has also established that he should be permitted to intervene pursuant to CPLR 1013, since his claims and those asserted in the main action have common questions of law and fact, and his participation in the lawsuit does not threaten to unduly delay or complicate the litigation.

Plaintiff failed to demonstrate its entitlement to preliminary injunctive relief pursuant to General Business Law § 360-l, which provides that "[l]ikelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief . . . notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." In light of defendant's showing that she has operated other "John's Pizzeria" locations for 16 years without objection from plaintiff, plaintiff has not established that defendant's recent use of the trade name and marks in connection with a new restaurant in Bronx County poses any risk of suddenly blurring the distinc-

tion between the Bleecker Street pizzeria and defendant's separate restaurants in a manner that would threaten to tarnish the goodwill and reputation of plaintiff's business (*see Allied Maintenance Corp. v Allied Mech. Trades*, 42 NY2d 538, 545 [1977]).

Furthermore, plaintiff failed to demonstrate that it had a likelihood of success on the merits, that it would sustain irreparable injury absent the grant of injunctive relief, and that the equities balanced in its favor (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839 [2005]; *Matter of Fireman's Assn. of State of N.Y. v French Am. School of N.Y.*, 41 AD3d 925 [3d Dept 2007]). Plaintiff's shareholders' agreement explicitly provides that Vittoria (the majority shareholder) and "Castellotti"—which is defined to include defendant Lisa Free also known as Castellotti—"shall not authorize any person, firm or organization in which they shall not be owners to permit the use of the corporate assumed name without the consent of the Board of Directors in writing." Interpreted according to its plain meaning, the agreement permits defendant to use the "John's Pizzeria" trade name in the operation of her restaurants without written authorization from plaintiff's board. Defendant and Vittoria also urge that plaintiff was not authorized to commence the action. In light of the parties' long history of shared use of the trade name, plaintiff failed to demonstrate either potential irreparable injury in the absence of injunctive relief or that the balance of equities weighs in its favor. Concur—Tom, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.