**Actualize Dispensary Inc. v New York State Off. of Cannabis Mgt.**

2025 NY Slip Op 31089(U)

April 3, 2025

Supreme Court, New York County

Docket Number: Index No. 150392/2025

Judge: Verna L. Saunders

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:        HON. VERNA L. SAUNDERS, JSC            PART            36
                                                *Justice*

-----------------------------------------------------------------------X   INDEX NO.          150392/2025

ACTUALIZE DISPENSARY INC., ASTRO MANAGEMENT,
INC., L.O.R.D.S. LLC, and R&R REMEDIES LLC,                                               002; 003; 004;
                                 Petitioners,              MOTION SEQ. NO.              005

                        - v -

NEW YORK STATE OFFICE OF CANNABIS                          **DECISION + ORDER ON**
MANAGEMENT, NEW YORK STATE CANNABIS CONTROL                      **MOTION**
BOARD, TREMAINE WRIGHT, and FELICIA A.B. REID,
                                 Respondents.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 38, 39, 71, 73

were read on this motion to/for            _____ **PARTIES - INTERVENE** _____ .


The following e-filed documents, listed by NYSCEF document number (Motion 003) 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 63, 74, 79

were read on this motion to/for            _____ **MISC. SPECIAL PROCEEDINGS** _____ .


The following e-filed documents, listed by NYSCEF document number (Motion 004) 64, 65, 66, 67, 68, 72, 76, 78

were read on this motion to/for            _____ **PARTIES - INTERVENE** _____ .


The following e-filed documents, listed by NYSCEF document number (Motion 005) 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 75, 77

were read on this motion to/for            _____ **LEAVE TO FILE** _____ .

Proposed intervenors, Buzzy NY LLC (hereinafter, "Buzzy), Taozen LLC (hereinafter, "Taozen"), At The Factory LLC (hereinafter, "ATF"), and Leafy NYC II LLC (hereinafter, "Leafy"), four retail cannabis dispensaries whose proximity waiver applications were approved by the New York State Office of Cannabis Management ("OCM") and New York State Cannabis Control Board ("CCB"), each move the court, separately, pursuant to CPLR §§ 1012, 1013, 7802(d), for leave to intervene in this proceeding. The motions are hereby consolidated for disposition.

Petitioners commenced this proceeding, contending that respondents' approval of the proposed intervenors' retail cannabis dispensary locations, each within one thousand (1,000) feet of petitioners' respective "proximity protected" dispensaries, was arbitrary and capricious, not supported by substantial evidence, and in excess of respondents' jurisdiction. Petitioners allege that without an opportunity to be heard, respondents abrogated petitioners' rights and approved the proposed intervenors' applications to operate retail cannabis dispensaries within areas where petitioners were promised protection, without any coherent justification and without consideration of the negative impact the waivers would have on petitioners' businesses. They urge the court to issue

**150392/2025  ACTUALIZE DISPENSARY INC. ET AL vs. NEW YORK STATE OFFICE OF**            **Page 1 of 5**
**CANNABIS MANAGEMENT ET AL**
**Motion No.  002 003 004 005**

1 of 5

an order annulling, vacating respondents' approval, restoring the proximity protection previously afforded to petitioners, and enjoining respondents from issuing any licenses or approvals during the pendency of this proceeding.

In Mot. Seq. 002, Buzzy contends that its interests are independent of and distinct from the interests of respondents and are inadequately represented by the existing parties in this case. Buzzy's application to operate a retail cannabis dispensary was granted under Resolution No. 2024-110, dated November 12, 2024 (the "Resolution"), after respondents determined that the proposed cannabis dispensary location promoted "public convenience and advantage", states Buzzy, thereby satisfying the requirement to waive the proximity protections pursuant to 9 NYCRR 119.4(a). Buzzy asserts that petitioners' relief sought in this proceeding would adversely impact its ability to obtain a Certificate of Occupancy and open the retail dispensary for business. Buzzy posits that it has dedicated substantial financial resources and expended significant time to prepare the business for opening and will suffer irreparable harm if prevented from doing so. It articulates that it is an "interested person" within the meaning of CPLR 7802(d) and has a real and substantial interest in the outcome of this proceeding. In addition to satisfying the requirements under CPLR 7802(d), Buzzy contends that it also meets the requirements for intervention under CPLR 1012 and 1013, as the instant motion is timely, and its interests are inadequately represented by respondents. Buzzy further sets forth that, if its request for intervention is denied, it will be bound by the judgment in this action without an opportunity to participate in said proceeding, and it maintains that intervention will not prejudice the parties or cause delay as it is prepared to submit its opposition within any existing briefing schedule on the petition (NYSCEF Doc. No. 35, *Buzzy's motion to intervene as respondent*). As relevant to this application, Buzzy attaches a copy of its proposed answer to the underlying petition (NYSCEF Doc. No. 33, *Buzzy's proposed answer*).

ATF, in Mot. Seq. 003, advances similar arguments to Buzzy and adds that a ruling in petitioners' favor would bar ATF from proceeding with its dispensary at its chosen location, directly affecting its business operations and financial stability. ATF further contends that it is prepared to submit its opposition on the existing schedule, ensuring no disruption and avoiding the need for separate proceedings (NYSCEF Doc. No. 49, *ATF's motion to intervene as respondent*). ATF likewise attaches a copy of its proposed answer to the underlying petition (NYSCEF Doc. No. 63, *ATF's proposed answer*).

Next, Leafy, in Mot. Seq. 004, argues that it is fully licensed and operational, having passed all inspections and secured final approval to commence sales on February 14, 2025. Leafy asserts that, on this timely motion, it has demonstrated a real and substantial interest in this proceeding. Furthermore, it insists that petitioners have failed to establish that respondents' determination to grant Leafy's proximity waiver application, based on public convenience, was arbitrary and capricious. According to Leafy, respondents have broad discretion to grant proximity waivers where, as here, there is a finding that the license promotes public convenience and advantage. Since claims of loss of market share do not constitute irreparable harm, Leafy urges the court to accord respondents' determination substantial deference (NYSCEF Doc. No. 68, *Leafy's motion to intervene as respondent*). Leafy also attached a proposed answer to petitioners' verified petition (NYSCEF Doc. No. 67, *Leafy's proposed answer*).

In Mot. Seq. 005, Taozen also interposes its own application, arguing, *inter alia*, that the court should grant the intervention sought because its interests are not sufficiently represented by the parties, and it has a real and substantial interest in the outcome of these proceedings (NYSCEF Doc.

**150392/2025  ACTUALIZE DISPENSARY INC. ET AL vs. NEW YORK STATE OFFICE OF CANNABIS MANAGEMENT ET AL**
**Motion No.  002 003 004 005**

**Page 2 of 5**

2 of 5

[* 2]

No. 52, *Taozen's motion to intervene as respondent*). Taozen furnishes a copy of its proposed answer to the verified petition (NYSCEF Doc. No. 61, *Taozen's proposed answer*).

In omnibus opposition papers, petitioners contend that, contrary to the proposed intervenors submissions, they are not interested parties for the purposes of CPLR 7802(d) and are therefore, not entitled to intervene as of right. Petitioners assert that although CPLR 7802(d) permits "liberal" intervention, the proposed intervenors are not "interested" parties within the context of an Article 78 proceeding. According to petitioners, the collective claims of economic ruin if petitioners prevail on the merits are overstated and speculative because the retail cannabis dispensaries of the proposed intervenors are not yet operative. Petitioners maintain that permitting the proposed intervenors to join this case as full parties will result in extreme prejudice because the proposed intervenors' interests, in the context of this limited Article 78 proceeding, are fully represented and identical to respondents' interests. Petitioners claim that the intervenors' motions have already caused substantial prejudice to petitioners because a briefing schedule has not yet been set in this application. Next, petitioners posit that any argument about financial commitments made to open a retail dispensary is a red herring, because the crux of this matter is whether respondents' decision-making—by granting retail cannabis dispensaries proximity waivers to the proposed intervenors is arbitrary and capricious. As such, the interests of the proposed intervenors are sufficiently aligned with respondents, who are best positioned to make arguments and submit relevant facts about their own decision-making. Therefore, it is more appropriate for the court to permit the proposed intervenors to participate in this litigation as *amici*, rather than allowing them to further delay the outcome of this petition (NYSCEF Doc. No. 75, *petitioners' omnibus opposition to the motions to intervene*).

CPLR 7802(d) provides that the court "may allow other interested persons to intervene." CPLR 1013 provides, in pertinent part, "any person may be permitted to intervene in any action when a statute of the state confers a right to intervene in the discretion of the court, or when the person's claim or defense and the main action have a common question of law or fact." Intervention in an Article 78 proceeding pursuant to 7802(d) is therefore broader than that provided by CPLR 1013 (*Greater NY Health Care Facilities Ass'n v. DeBuono*, 91 NY2d 716, 720 [1998]). "Distinctions between intervention as of right and discretionary intervention are no longer sharply applied" as "[i]ntervention is liberally allowed by courts, permitting persons to intervene in actions where they have a bona fide interest in an issue involved in that action" (*Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC*, 77 AD3d 197, 201 [1st Dept 2010]).

CPLR 1012(a)(2) and (3) allow a party to intervene in an action "[u]pon timely motion" when "the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" or when the action involves title to property and the "property and the person may be affected adversely by the judgment." When a court considers any motion to intervene, the first consideration is "whether the motion is timely" (see *Matter of HSBC Bank v U.S.A.*, 135 AD3d 534, 534 [1st Dept 2016]). The timeliness of a motion to intervene is determined by factors such as the length of time the intervenor knew or should have known of their interest in the case, the stage of the proceeding, and the prejudice caused to the original parties by the delay (see *U.S. Bank N.A. v Barra*, 2018 NY Slip Op 33450[U], *4 [Sup Ct, Suffolk County 2018]). "A motion seeking leave to intervene, whether made pursuant to CPLR 1012 or 1013, must include the proposed intervenor's proposed pleading" (*U.S. Bank Trust N.A. v 21647 LLC*, 217 AD3d 429, 429 [1st Dept 2023]).

**150392/2025 ACTUALIZE DISPENSARY INC. ET AL vs. NEW YORK STATE OFFICE OF CANNABIS MANAGEMENT ET AL**
**Motion No. 002 003 004 005**

**Page 3 of 5**

3 of 5

[* 3]

Here, the motions to intervene are timely as they were made within two (2) months of the filing of the verified petition, and a full briefing for Mot. Seq. 001 has yet to occur (see *Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC*, 77 AD3d 197, 201 [1st Dept 2010], citing *Moon v Moon*, 6 AD3d 796, 799 [4th Dept 2004] [five-month delay in seeking intervention not prejudicial]). The proposed intervenors have established entitlement to intervene in this proceeding pursuant to CPLR 1013, since their claims and those asserted in the main action have common questions of law and facts, and their participation in the proceeding does not threaten to unduly delay or complicate the litigation (see *276-8 Pizza Corp. v Free*, 118 AD3d 591, 592 [1st Dept 2014]). The proposed intervenors are interested parties because they have substantial interests in the outcome of the proceeding (see *Greater N.Y. Health Care Facilities Ass'n v DeBuono*, 91 NY2d 716, 720 [1998]; *Cleveland Place Neighborhood Ass'n v New York State Liquor Auth.*, 268 AD2d 6, 9 [1st Dept 2000]). Each alleges expending substantial financial resources to prepare their businesses for opening, and their business interests will be directly impacted by the outcome of the proceeding. It has also been established that the potentially binding nature of a judgment on the proposed intervenor is the most heavily weighted factor in determining whether to permit an intervenor's motion (see *Amalgamated Bank v Helmsley-Spear, Inc.*, 109 AD3d 418, 419 [1st Dept 2013]). The proposed intervenors will undoubtedly be bound by this court's decision in this action. As such, the proposed intervention motions are granted. It is hereby

**ORDERED** that the motion by BUZZY NY, LLC (Mot. Seq. 002) to intervene in this Article 78 proceeding as a respondent is granted; and it is further

**ORDERED** that motion by AT THE FACTORY LLC (Mot. Seq. 003) to intervene in this Article 78 proceeding as a respondent is granted; and it is further

**ORDERED** that the motion by LEAFY NYC II, LLC (Mot. Seq. 004) to intervene in this Article 78 proceeding as a respondent is granted; and it is further

**ORDERED** that the motion by TAOZEN, LLC (Mot. Seq. 005) to intervene in this Article 78 proceeding as a respondent is granted; and it is further

**ORDERED** that the verified petition in the above titled proceeding shall be amended to add BUZZY NY, LLC; TAOZEN, LLC; AT THE FACTORY, LLC; and LEAFY NYC II, LLC, as respondents; and it is further

**ORDERED** that the proposed answers of BUZZY NY, LLC; AT THE FACTORY, LLC; LEAFY NYC II, LLC, and TAOZEN, LLC are deemed served *nunc pro tunc*; and it is further

**ORDERED** that the briefing schedule for Mot. Seq. 001 is hereby amended[1] as follows: Respondents' opposition to Mot. Seq. 001 shall be filed on or before April 21, 2025, and petitioners shall serve reply papers, if any, on or before May 7, 2025. Oral argument will be held remotely on May 14, 2025 at 9:30 AM; and it is further

---

[1] A briefing schedule was previously set after oral argument on the application for a temporary restraining order but before the instant motions for intervention were filed. (*See NYSCEF Doc. Nos. 21;31;40;51*).

**150392/2025 ACTUALIZE DISPENSARY INC. ET AL vs. NEW YORK STATE OFFICE OF CANNABIS MANAGEMENT ET AL**
**Motion No. 002 003 004 005**

**Page 4 of 5**

**ORDERED** that, within ten (10) days after this decision and order is uploaded to NYSCEF, the proposed intervenors shall serve a copy of this decision and order, with notice of entry, upon petitioners; and it is further

**ORDERED** that the petition shall bear the following caption:

-----------------------------------------------------------------X

ACTUALIZE DISPENSARY INC., ASTRO MANAGEMENT, INC., L.O.R.D.S. LLC, and R&R REMEDIES LLC,

                         Petitioners,

                                                          Index. No. 150392/2025

                 -v-

NEW YORK STATE OFFICE OF CANNABIS MANAGEMENT, NEW YORK STATE CANNABIS CONTROL BOARD, TREMAINE WRIGHT, FELICIA A.B. REID, BUZZY NY LLC, AT THE FACTORY LLC, LEAFY NYC II LLC, and TAOZEN, LLC,

                         Respondents.

-------------------------------------------------------------------X;

and it is further

**ORDERED** that counsels for the moving parties shall serve a copy of this order with notice of entry upon the County Clerk and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the parties being added pursuant hereto; and it is further

**ORDERED** that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the decision and order of this court.

_____April 3, 2025_____

                                                  HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

150392/2025  ACTUALIZE DISPENSARY INC. ET AL vs. NEW YORK STATE OFFICE OF
CANNABIS MANAGEMENT ET AL
Motion No. 002 003 004 005

Page 5 of 5

5 of 5