Daptardar v Air Park on JFK, Inc. (2021 NY Slip Op 50665(U))

[*1]

Daptardar v Air Park on JFK, Inc.

2021 NY Slip Op 50665(U) [72 Misc 3d 133(A)]

Decided on July 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-584 Q C

Mohan K. Daptardar, Appellant,
against
Air Park on JFK, Inc., Respondent. 

Mohan K. Daptardar, appellant pro se.
Air Park on JFK, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Tracy
A. Catapano-Fox, J.), entered August 30, 2018. The judgment, after a nonjury trial, dismissed the
action.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the
Civil Court for a new trial.
Plaintiff commenced this small claims action to recover for property damage to his
automobile allegedly done when parked at a parking lot operated by defendant. Following a
nonjury trial, the Civil Court dismissed the action, finding that plaintiff did not show, by a
preponderance of the evidence, that defendant damaged his vehicle. 
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]).
A bailment relationship is created when a bailor surrenders the key to the bailor's vehicle and
thus relinquishes possession and control of the vehicle to a bailee (see Chubb & Son v
Edelweiss, Inc., 258 AD2d 345 [1999]; Chait v Town Hall, LLC, 32 Misc 3d 131[A], 2011 NY Slip Op
51326[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; Delucia v Herbee Dodge, Inc., 19 Misc
3d 145[A], 2008 NY Slip Op 51121[U] [App Term, 2d Dept, 9th & 10th Jud [*2]Dists 2008]). To recover for damage to the vehicle, it is a
plaintiff-bailor's prima facie burden at trial to show that the plaintiff delivered the vehicle to the
defendant-bailee's exclusive custody and control and that the defendant returned the vehicle in a
damaged condition, thereby establishing a prima facie case of negligence against the defendant
(see Hoffman v M & C Getty,
Inc., 29 Misc 3d 137[A], 2010 NY Slip Op 52024[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2010]; Dixon v X-Treme
Body & Fender Inc., 20 Misc 3d 130[A], 2008 NY Slip Op 51422[U] [App Term,
2d Dept, 2d & 11th Jud Dists 2008]). Upon such showing, the burden then shifts to the
defendant to demonstrate that the defendant was not negligent by introducing evidence, for
instance, that the damage had already existed when the plaintiff dropped off the vehicle (see Hoffman v M & C Getty, Inc.,
29 Misc 3d 137[A], 2010 NY Slip Op 52024[U]; Dixon v X-Treme Body & Fender Inc., 20 Misc 3d 130[A],
2008 NY Slip Op 51422[U]).
Upon a review of the record, we find that substantial justice has not been done between the
parties (see CCA 1804, 1807). In dismissing the action, the Civil Court failed to properly
apply the law of bailments. Therefore, the judgment must be reversed and the matter remitted for
a new trial.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new
trial.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 9, 2021