Airlite Windows, Inc. v Anopa (2021 NY Slip Op 50667(U))

[*1]

Airlite Windows, Inc. v Anopa

2021 NY Slip Op 50667(U) [72 Misc 3d 133(A)]

Decided on July 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-1469 K C

Airlite Windows, Inc., Respondent,
against
Inna Anopa, Appellant. 

Inna Anopa, appellant pro se.
Airlite Windows, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Rachel
Freier, J.), entered March 11, 2019. The judgment, after a nonjury trial, awarded plaintiff the
principal sum of $2,500 and dismissed defendant's counterclaim.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this commercial claims action to recover the balance due on a contract
for the installation of two patio doors in defendant's apartment located in Westchester County.
Defendant counterclaimed to recover the sum of $5,000, representing the cost to repair plaintiff's
defective work and the damage plaintiff caused to defendant's apartment. After a nonjury trial,
the Civil Court awarded plaintiff the principal sum of $2,500 and dismissed defendant's
counterclaim. Defendant appeals.
In a commercial claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and principles of
substantive law" (CCA 1807-A [a]; see CCA 1804-A; Ross v Friedman, 269
AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the
determination of a trier of fact as to issues of credibility is given substantial deference, as a trial
court's opportunity to observe and evaluate the testimony of the witnesses affords it a better
perspective from which to assess their credibility (see Vizzari v State of New York, 184
AD2d 564 [1992]). This deference applies with greater force to judgments rendered in the
Commercial Claims Part of the court (see Williams v [*2]Roper, 269 AD2d at 126). 
Upon a review of the record, we find that the judgment rendered substantial justice between
the parties (see CCA 1804-A, 1807-A [a]).
We note that certain documents included in defendant's brief are dehors the record and were
not considered (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 9, 2021