Garrett v Sonic Car Wash & Lube (2024 NY Slip Op 51552(U))

[*1]

Garrett v Sonic Car Wash & Lube

2024 NY Slip Op 51552(U)

Decided on November 7, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 7, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, ELENA GOLDBERG-VELAZQUEZ, JJ

2023-1046 N C

Jerome Garrett, Respondent, 
against
Sonic Car Wash & Lube, Appellant. 

Sonic Car Wash & Lube, appellant pro se.
Jerome Garrett, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (Marie F. McCormack, J.), entered May 25, 2023. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $882.25.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the amount he paid to have the steering column of his vehicle fixed after his wife brought the vehicle to defendant's shop for an oil change and the steering column was returned broken. Following a nonjury trial, the District Court (Marie F. McCormack, J.) awarded plaintiff the principal sum of $882.25.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
By surrendering the keys to the vehicle, plaintiff's wife surrendered possession and control of the vehicle to defendant and a bailment relationship was created (see Chubb & Son v Edelweiss, Inc., 258 AD2d 345 [1999]; Daptardar v Air Park on JFK, Inc., 72 Misc 3d 133[A], 2021 NY Slip Op 50665[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Delucia v Herbee Dodge, Inc., 19 Misc 3d 145[A], 2008 NY Slip Op 51121[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Based upon the record before us, a prima facie case of negligence was established against defendant bailee as the vehicle was in defendant's exclusive custody and control when the damage occurred, as evidenced by the fact that defendant's employee had no [*2]issue with the steering column when he drove the vehicle prior to the oil change (see Hoffman v M & C Getty, Inc., 29 Misc 3d 137[A], 2010 NY Slip Op 52024[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). The burden then shifted to defendant to establish that it was not negligent (see Dixon v X-Treme Body & Fender Inc., 20 Misc 3d 130[A], 2008 NY Slip Op 51422[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). Defendant's explanation was implicitly rejected by the trial court, and we find no basis to disturb that determination.
As defendant raised no issue on appeal with respect to damages, we do not reach the propriety of the District Court's determination with respect thereto.
Accordingly, as the judgment provides substantial justice (see UDCA 1804, 1807), it is affirmed.
GARGUILO, P.J., DRISCOLL and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 7, 2024